No. 19,154.

WILLIAM RAYMOND WELLBRINK *v.* JOHN J. WALDEN, ET AL.
(349 P. [2d] 697)

Decided February 29, 1960.

Mr. JONATHAN T. BELKNAP, Mr. F. JOSEPH McGARRY, for plaintiff in error.

Mr. MARVIN PING, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS action originated in the County Court of Montezuma County upon the filing of a petition by John J. Walden and his wife, hereinafter referred to as Waldens, in which they alleged that William Raymond Wellbrink, Jr., a child seven years of age, was "a dependent and neglected child," and the prayer of the petition was that citation be issued to the parents of said child requiring them to show cause why the boy should not be declared by the court to be "a dependent and neglected child and dealt with accordingly, or otherwise cared for."

The father of the boy, hereinafter referred to as Wellbrink, filed a motion to dismiss in which it was alleged:

"(1) That the Petition on its face shows that William Raymond Wellbrink, Jr., is not a dependent or neglected child as defined by the statute.

"(2) That the Petition on its face clearly shows that this is a dispute between a parent and other persons as to the right of custody of said minor child."

This motion was denied, and the trial court heard the testimony offered by Waldens and by Wellbrink.

The judgment of the court in pertinent part was as follows:

"NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that William Raymond Wellbrink, Jr., is a dependent and neglected child, as defined by the Statutes of The State of Colorado; that the respondents and each of them are divested of all parental rights in said minor child, William Raymond Wellbrink, Jr.; that said parents are hereby denied forever the custody and control of the said minor child, William Raymond Wellbrink, Jr., whose custody now is and shall remain with the Court; that the care and control of said minor child, William Raymond Wellbrink, Jr., is hereby granted to John J. Walden and Juanita T. Walden, all until the further order of the Court."

The record before us shows that the father,

Wellbrink, and Mr. Walden are itinerant oil field or construction workers, who move frequently to new places of employment. Wellbrink, having become separated from the boy's mother, left him with Waldens to be cared for. Petitioners at different times had asked him to come and get his boy. This was done by the father on several occasions, but thereafter when Wellbrink was out of employment and looking for work the boy would be returned to the custody of Waldens. There was no evidence that the child was at any time in improper hands or in unwholesome surroundings. The evidence shows material payments to Waldens by Wellbrink—perhaps not adequate, but material, and no complaints or demands upon him for additional sums were made by Waldens. The petition shows on its face that the child was in the care of Waldens at the time the petition in dependency was filed, and the real purpose of the petition was to secure a continuation of the exact situation which existed at the time the action was commenced.

■ It is clear that the "dependency action" was resorted to as a means to secure an adjudication of a dispute between Waldens and Wellbrink over permanent custody of the boy.

■ In *Everett v. Barry*, 127 Colo. 34, 252 P. (2d), 826, this Court spelled out seven basic principles governing the functioning of juvenile courts in proceedings in dependency. From the opinion in that case we quote the following:

"[1-7] 1. That the juvenile court is a statutory court with no jurisdiction beyond that expressly given by statute; 2. That the jurisdiction so given does not include jurisdiction of contests over custody of children in behalf of, or between, individuals, whether parents or otherwise; 3. That such jurisdiction attaches only in proceedings brought, not in behalf of any person, but solely where children are found delinquent or have been so circumstanced, neglected or imposed upon as to

require the state to take over their custody or act otherwise for their protection; 4. That in a dependency proceeding, such as that before us, the question to be resolved is not the comparative rights of different claimants of custody, but solely that of whether or not the existing custody and surroundings of the child are such that it is the duty of the state, as parens patriae, to take over its custody and make it a ward of the state; 5. That a dispute between parents or between a parent and any other person as to right of custody is not such a controversy as to justify an adjudication of dependency; 6. That a parent, if a fit and suitable person, has the prior right of custody of his children over a grandparent or any other person or the state; 7. That a parent is presumed to be a fit and suitable person to have the custody of his children, and that such presumption can be overcome only by convincing evidence to the contrary."

We need go no further than to say that application of the foregoing rules to the record before us clearly indicates that the judgment of the trial court must be reversed.

The judgment is reversed and the cause remanded with directions to dismiss the petition.

MR. JUSTICE KNAUSS and MR. JUSTICE DAY concur.