S. A. S., Petitioner,

v.

The DISTRICT COURT, IN AND FOR the COUNTY OF JEFFERSON, First Judicial District, and the Honorable Robert K. Willison, One of the Judges Thereof, Respondents.

No. 80SA323.

Supreme Court of Colorado, En Banc.

Feb. 9, 1981.

Greg Walta, Colorado State Public Defender, Denver, Robert S. Patterson, Deputy State Public Defender, Golden, for petitioner.

Nolan L. Brown, Dist. Atty., Roberta J. Steinhardt, Stephen A. Jones, Deputy Dist. Attys., Golden, for respondents.

QUINN, Justice.

The petitioner-juvenile, S.A.S. (petitioner), filed this original proceeding seeking an order prohibiting the respondent court from granting the district attorney's request for a jury trial in connection with an adjudicatory hearing on a petition in delinquency. The claim for prohibitory relief asserts that the action of respondent court denied the petitioner his constitutional right to a court trial, contravened the provisions of the Children's Code by permitting the state to demand a jury trial as an interested party, and constituted an abuse of discretion because of the state's untimely demand for a jury trial. We issued a rule to show cause and now discharge the rule.

The sixteen-year-old petitioner is charged with being a delinquent child by committing acts of indecent exposure in violation of section 18–7–302, C.R.S. 1973 (1978 Repl. Vol. 8). The petition was filed on October 10, 1979. On November 15 the respondent court appointed the public defender to represent the petitioner and the allegations of the petition then were denied. The petitioner waited until February 19, 1980, to file a written demand for a jury trial. Trial was set to a jury commencing on April 8, 1980. One week prior to trial the petitioner withdrew his jury demand. On the day following the withdrawal the district attorney filed a jury demand, to which the petitioner objected. The court set the matter down for a hearing on its own motion and on April 3, 1980, ruled that the People as an "interested party" could validly demand a jury trial under section 19–1–106(4)(a), C.R.S. 1973 (1978 Repl. Vol. 8). The petitioner thereafter commenced an original proceeding in this court.

The petitioner asserts that the action of the respondent court in granting the People's request for a jury trial violated his fundamental right of choice between a jury and court trial for the adjudicatory phase of the proceedings. Next he claims that the respondent court exceeded its jurisdiction in granting the district attorney's request for a jury trial because the People do not qualify as an "interested party" under section 19–1–106(4)(a), C.R.S. 1973 (1978 Repl. Vol. 8). Lastly, the petitioner contends that the People's jury demand was untimely and the respondent court abused its discretion in permitting it to be filed. We are unpersuaded by his arguments.

## I.

The petitioner claims a "fundamental right" to select either a jury trial or a court trial as the mode of resolving the allegations of delinquency. We do not agree with his claim.

A delinquency proceeding is statutory in origin and centers primarily on providing "measures of guidance and rehabilitation for the child and protection for society," rather than fixing "criminal responsibility, guilt and punishment." *Kent v. United States*, 383 U.S. 541, 554–55, 86 S.Ct. 1045, 1054, 16 L.Ed.2d 84, 94 (1966); *see People ex rel. Terrell v. District Court*, 164 Colo. 437, 444–45, 435 P.2d 763, 766 (1967). The first stated purpose of the Colorado Children's Code is "to secure for each child . . . such care and guidance, preferably in his own home, as will best serve his welfare and the interests of society." Section 19–1–102, C.R.S. 1973 (1978 Repl. Vol. 8). In order to protect the young from the stigma frequently associated with criminal proceedings, a petition in delinquency is classified as civil in character. *People in the Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978). The state's role in such a proceeding is not that of a prosecutor in a criminal case, but rather the role of *parens patriae* to protect the welfare of the child. *Kent v. United States, supra; People in the Interest of R.A.D.; supra.*

This is not to say that the juvenile is bereft of basic constitutional protections traditionally associated with criminal proceedings. The juvenile must be accorded those essentials of fairness and procedural regularity implicit in due process of law before he may be subjected to a curtailment of his liberty interests. *E. g., In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (requirement of proof beyond a reasonable doubt); *In re Application of Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (right to notice of charge, right to counsel, rights of confrontation and cross-examination, and privilege against self-incrimination); *Kent v. United States, supra* (right to procedural regularity for hearing on transfer to adult court); *see also People in the Interest of C.B.*, 196 Colo. 362, 585 P.2d 281 (1978). However, the United States Supreme Court in *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), specifically determined that the Due Process Clause of the Fourteenth Amendment does not require a jury trial in the adjudicatory phase of a delinquency proceeding. Noting that the imposition of the jury trial on the juvenile system "would tend once again to place the juvenile squarely in the routine of the criminal process," 403 U.S. at 547, 91 S.Ct. at 1987, 29 L.Ed.2d at 662, the Court left to the states the choice of a jury system or some other procedural mode for the adjudication of petitions in delinquency.

Assuming that a juvenile, nevertheless, might claim a right to a jury trial in an adjudicatory proceeding under the Due Process Clause of the Colorado Constitution, *Colo. Const.* Art. II, Sec. 25,[1] it does not follow that this right would include the converse right to trial by the court. Nor would the juvenile's right to a jury trial, even if originating in due process of law, necessarily include the unconditional power to cancel a statutory right of another party to a jury resolution of the adjudicatory stage of the proceeding. On the contrary, a rule disallowing the juvenile's waiver of a jury trial, where another party to the proceeding has made a jury demand, grants to the juvenile no less than the most favorable construction of the due process clause would guarantee him—trial by an impartial jury. *See Singer v. United States*, 380 U.S. 24, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630, 638 (1965). Thus, we reject petitioner's claim of a fundamental right to choose a court trial as the exclusive mode of adjudication in this matter.[2]

## II.

The Children's Code specifically authorizes jury trials for adjudicatory proceedings in delinquency. Section 19–1–106(4)(a), C.R.S. 1973 (1978 Repl. Vol. 8), provides that "[a] child, his parent or guardian,[3] or any interested party[4] may demand

1. Because section 19–1–106(4)(a) grants a juvenile the right to a jury trial for adjudicatory proceedings in delinquency, it is unnecessary for us to decide in this case whether that right is constitutionally required under *Colo. Const.*, Art. II, Sec. 25. In *People in the Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978), we held that a juvenile has the same right as an adult criminal defendant to challenge for cause in jury selection a compensated employee of a public law enforcement agency, section 16–10–103(1)(k), C.R.S. 1973 (1978 Repl. Vol. 8). We stated in dicta that "[f]undamental fairness mandates that the charges against a juvenile be evaluated by a fair and impartial jury." 196 Colo. at 433, 586 P.2d at 48. The issue whether the state constitution requires as a matter of due process that the juvenile be accorded the right to a jury trial in the adjudicatory phase of the delinquency proceeding was not before the court in *R.A.D.* and we do not decide that issue here.

2. There might be circumstances where the juvenile's reasons for requesting a court trial might be so compelling that the denial of that request might affect substantially his right to a fair and impartial adjudication of delinquency. However, no such claim has been raised in this case.

3. On the basis of the statutory definition of guardianship of the person in section 19–1–103(16), C.R.S. 1973 (1978 Repl. Vol. 8), a guardian would include those persons who are vested by court action with the duty and authority to make major decisions affecting a child.

4. Although not listed specifically in section 19–1–106(4)(a), a legal custodian would be an interested party to the delinquency action. A legal custodian is one who has "the right to the care, custody, and control of a child and the

a trial by a jury of not more than six or the court on its own motion may order such a jury to try any case." Basically, the petitioner's argument is that the term "any interested party" is confined to those parties who, by virtue of a special relationship to the child, have a mutuality or identity of interests with those of the child. We do not believe the legislature intended such a restrictive application of that term.

If the General Assembly intended "any interested party" to include only those parties who stand *in loco parentis* to the child, as petitioner suggests, it could have and undoubtedly would have utilized terminology similar to that appearing in other sections of the Children's Code to express such limitation. *E. g.*, section 19-3-102(2) ("parents, guardian or other legal custodian"); section 19-3-103(1) ("parents or guardian, or any other respondent"); section 19-3-103(3) ("person or persons having the physical custody of the child"). Subsections 19-1-106(1) and (2), which precede the jury demand provisions of subsection (4), refer to "the child and his parents, guardian, or other legal custodian" in outlining the protocol for advisement of rights on the first appearance of these parties before the court. Under these circumstances the legislative selection of "any interested party" in subsection 19-1-106(4)(a) stands out as a purposeful choice to extend the right of jury demand to all parties of record to the delinquency proceeding.[5]

The state is a party of record to the delinquency proceeding. The petition itself is entitled "The People of the State of Colorado in the Interest of . . . , a child . . . and Concerning . . . Respondent." Section

19-3-102(1), C.R.S. 1973 (1978 Repl. Vol. 8). Section 19-1-106(3) provides that, upon request of the court, "the district attorney shall represent the state in the interest of the child" in such proceedings.[6] The state's interest in the delinquency proceeding stems from its role as *parens patriae, Kent v. United States, supra; People in the Interest of R.A.D., supra,* and that interest is a significant one.

The statutory language of section 19-1-106(4)(a) clearly indicates a legislative intent to grant to the state, as an "interested party," the right to demand a jury trial. Conversely, there is no indication of an intent to bestow on the juvenile a veto power over the state's jury demand through a statutory right of jury waiver. When the General Assembly has allotted to one party only, such as the accused in a criminal proceeding, the right to select the appropriate mode of trial, it has done so in unequivocal terms. *See* section 18-1-406(2), C.R.S. 1973 (1978 Repl. Vol. 8); *Garcia v. People,* Colo., 615 P.2d 698 (1980). We construe section 19-1-106(4)(a) as a grant to the state of that same statutory right of jury demand as is available to any other party to the delinquency proceeding.

### III.

The petitioner also contests the timeliness of the state's jury demand and claims an abuse of discretion by the respondent court in acceding to that demand. We find no abuse of discretion in this case.

Although section 19-1-106(4)(a) is silent on the timing of a jury demand, C.R.J.P. 18(a) provides that the parties may make the demand at the time the allegations of

duty to provide food, clothing, shelter, ordinary medical care, education, and discipline for a child. . . ." Section 19-1-103(19)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

5. Although the petitioner does not rely expressly on the constructive rule of *ejusdem generis* in his argument, it should be noted that the rule should not be applied in a manner that hinders the attainment of the objectives contemplated by the statutory scheme. *E. g., Lyman v. Town of Bow Mar,* 188 Colo. 216, 533 P.2d 1129 (1975).

6. As the state's representative the district attorney's responsibility at the adjudicatory stage is to present evidence to the trier of fact on the alleged delinquency. At the dispositional stage the district attorney is expected to advise the court on a program of treatment or rehabilitation aptly suited to the needs of the child. These functions, when dutifully performed, contribute significantly to the reliability of the adjudication and the fairness and efficacy of the disposition.

the petition are denied. "Unless a jury is demanded, it shall be deemed to be waived." C.R.J.P. 18(b). Here the petitioner's original demand was untimely but, nevertheless, the court granted the demand and set the matter for a jury trial. Until April 1, 1980, when the demand was withdrawn, the state reasonably anticipated a jury trial—an anticipation that accorded with its own notion of the proper mode of trial for this matter. In view of the state's immediate filing of a demand upon the petitioner's sudden withdrawal of his demand, we do not believe the respondent court abused its discretion in granting the state's demand. The rules of juvenile procedure are to be construed to secure fairness in administration. C.R.J.P. 2. Moreover, section 19–1–106(4)(a) grants the court the power to order a jury trial on its own motion whether or not a demand has been made by any party to the proceeding.

The rule to show cause is discharged.