The PEOPLE of the State of Colorado,
Appellant, In the Interest of R. M.
S., Appellee.

No. 81SA440.

Supreme Court of Colorado,
En Banc.

Aug. 9, 1982.

Nolan L. Brown, Dist. Atty., Steve A. Jones, Deputy Dist. Atty., Golden, for appellant.

No appearance for appellee.

HODGES, Chief Justice.

Appellant, the State of Colorado, challenges the disposition order issued by the trial court following the adjudication of appellee—juvenile R.M.S.—as a delinquent child. Specifically, the appellant argues that because the State of Colorado is an "interested party" within the meaning of section 19–1–108, C.R.S.1973 (1978 Repl.Vol. 8),[1] the trial court erred in refusing to grant its motion for a continuance of the dispositional hearing in order that the author of the challenged predispositional report be permitted to testify. We agree and, therefore, reverse the trial court's disposition order and judgment and remand for further proceedings.

The seventeen-year old appellee was originally charged with being a delinquent child by committing the act of intimidating a witness in violation of section 18–8–604(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). The petition was later amended to include the charge of dispensing a dangerous drug, sections 12–22–404(1)(a) and 12–22–412(1), C.R.S.1973 (1978 Repl.Vol. 5), and conspiracy to dispense a dangerous drug. Section 18–2–201, C.R.S.1973 (1978 Repl.Vol. 8). The appellee was adjudicated a delinquent child when, pursuant to a plea agreement, he entered a plea of admission to the charge of intimidating a witness. The trial court thereafter ordered the matter continued so as to permit the county probation department to prepare a predisposition report in advance of the dispositional hearing. See section 19–1–108(1), C.R.S.1973 (1978 Repl. Vol. 8).

At the outset of the scheduled dispositional hearing, the district attorney moved for a continuance on the ground that the author of the predisposition report, Mr. Quinn, was not present to testify. Because the district attorney disagreed with the recommendation for probation contained in the report, Quinn's presence was deemed neces-

---

1. Section 19–1–108(2) provides that:
   "For the purpose of determining proper disposition of a child, written reports and other material relating to the child's mental, physical, and social history may be received and considered by the court along with other evidence; but the court, if so requested by the child, his parent or guardian, or other 'interested party,' shall require that the person who wrote the report or prepared the material appear as a witness and be subject to both direct and cross-examination. In the absence of such request, the court may order the person who prepared the report or other material to appear if it finds that the interest of the child, his parent or guardian, or other party to the proceedings so requires."

sary in order that he be questioned as to the basis for his recommendation. The motion for a continuance was denied by the trial court which, at the conclusion of the hearing, entered judgment ordering appellee be placed on probation as recommended.

Section 19–1–108(2), *supra,* provides that when so requested by an "interested party," the trial court shall require the author of the predisposition report to appear as a witness at that proceeding. Thus, in our view, the sole issue presented by this appeal is whether the State of Colorado is an interested party within the meaning of the statute. While that term is nowhere defined by statute, we conclude that the State of Colorado, through its representative, the district attorney, is an interested party at the dispositional stage of the delinquency proceeding.

In *S. A. S. v. District Court,* 623 P.2d 58 (Colo.1981), this court held that the State of Colorado is an interested party at the adjudicatory stage of the delinquency proceeding and as such is authorized by section 19–1–106(4)(a) to demand a jury for the purpose of determining whether the juvenile is in fact delinquent.[2] In determining the People's status as an interested party, we emphasized in *S. A. S. v. District Court,* that:

> "The state is a party of record to the delinquency proceeding. The petition itself is entitled 'The People of the State of Colorado in the Interest of . . ., a child . . . and concerning . . . Respondent.' Section 19–3–102(1), C.R.S.1973 (1978 Repl.Vol. 8). Section 19–1–106(3) provides that upon request of the court, 'the district attorney shall represent the state in the interest of the child' in such proceedings. The state's interest in the delinquency proceeding stems from its role as *parens patriae* . . . and that interest is a significant one." (Citations omitted.)

These same factors which establish the state's status as an interested party at the adjudicatory stage of the delinquency proceeding are equally applicable to the dispositional stage. Inasmuch as it is the clear legislative intent that the handling of juvenile delinquents be oriented toward rehabilitation and reformation, *People ex rel. Terrell v. District Court,* 164 Colo. 437, 435 P.2d 763 (1967), the state's interest in the disposition of the delinquent child is also of great significance. At the dispositional stage, the district attorney is expected to advise the court on a program of treatment or rehabilitation aptly suited to the needs of the child. In our view, this would necessarily include the ability to cross-examine the author of a predisposition report that contained a recommendation which the district attorney did not believe was in the best interest of the child. For these reasons, we construe section 19–1–108(2) as extending to the state the statutory right to demand that the author of a predispositional report appear as a witness.

Accordingly, the trial court's disposition order and judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

---

**2.** Section 19–1–106(4)(a) provides that "a child, his parent or guardian, or any interested party may demand a trial by a jury of not more than six . . ." in adjudicatory hearings concerning any delinquent child.