651 P.2d 392 (1982)
Karen McCALL, Petitioner,
v.
DISTRICT COURT In and For the COUNTY OF MONTEZUMA and the Honorable Willard W. Rusk, Jr., Respondents.
No. 82SA266.
Supreme Court of Colorado, En Banc.
September 27, 1982.
*393 Glenn Meyers, Colorado Rural Legal Services, Denver, for petitioner.
Willard W. Rusk, Jr., District Court Judge, Cortez pro se respondent.
DUBOFSKY, Justice.
In this original proceeding, we issued a rule to show cause why the respondent district court's order denying petitioner Karen McCall's motion to dismiss a neglect and dependency case should not be vacated and the case dismissed. We now make the rule absolute.
Timothy McCall's paternal grandmother, represented by a private attorney, filed a case captioned "People of the State of Colorado in the Interest of Timothy McCall," seeking a determination that the child Timothy was neglected or dependent under section 19-1-103(20), C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.).[1] The People are not included in the action. The grandmother alleged that she had custodial care of five-year-old Timothy McCall; that Timothy's father had consented to relinquish custody of the child; and that Timothy was neglected or dependent. Timothy's mother, Karen McCall, moved to dismiss the case on the ground that a petition for neglect and dependency can be filed only by the state or a state agency, here the Montezuma County Department of Social Services. The Montezuma County District Court denied the motion on May 24, 1982, and set the case for hearing on the merits.
The grandmother argues that the child here will be available for adoption only upon the termination of parental rights which first requires that he be adjudicated neglected and dependent. She filed a petition for neglect and dependency, but because section 19-3-102(1), C.R.S.1973 (1978 Repl. Vol. 8) requires that such petitions shall be entitled "The People of the State of Colorado in the Interest of . . ., a Child, and Concerning . . ., Respondent," she captioned the petition in the name of the People. She maintains that because the Children's Code does not limit neglect and dependency actions to those brought by the People, the district court, sitting as juvenile court, has jurisdiction in such an action brought by a private party.
Although the Children's Code, section 19-1-101, et seq., C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.) does not provide that only the People through a state agency may bring actions in neglect and dependency, our prior cases interpreting earlier versions of this statute have held that it is the state which acts in the interest of the child in neglect and dependency actions. Wellbrink v. Walden, 142 Colo. 102, 349 P.2d 697 (1960); Kearney v. Blue, 134 Colo. 217, 301 P.2d 515 (1956); Carrera v. Kelley, 131 Colo. 421, 283 P.2d 162 (1955); Everett v. Barry, 127 Colo. 34, 252 P.2d 826 (1953); People in the Interest of S. S. T., 38 Colo.App. 110, 553 P.2d 82 (1976). While the statutory *394 scheme provides for private persons to file reports of child neglect, section 19-3-101(2), C.R.S.1973 (1978 Repl.Vol. 8)[2] it is the state which investigates the charges and brings the case if intervention is warranted.[3]See People in the Interest of T. H., 197 Colo. 247, 593 P.2d 346 (1979).
In a similar approach to delinquency proceedings under the Children's Code, we held in S. A. S. v. District Court, 623 P.2d 58 (Colo.1981) that the state is an "interested party" with the right to demand a jury trial in delinquency proceedings under section 19-1-106(4)(a), C.R.S.1973 (1978 Repl.Vol. 8). People in the Interest of R. M. S., 651 P.2d 377 (Colo.1982), established that the state remains an interested party at the dispositional stage of a delinquency proceeding for purposes of compelling the presence of witnesses under section 19-1-108(2), C.R.S.1973 (1978 Repl.Vol. 8). The state is no less an interested party in neglect and dependency proceedings. As in delinquency cases, petitions alleging neglect and dependency are styled "The People of the State of Colorado in the Interest of . . ., a Child, and Concerning . . ., Respondent." Section 19-3-102(1). It is the district attorney who, at the request of the court, represents the state in the interest of the child in both types of proceedings.[4] The state's interest in juvenile proceedings stems from its role as parens patriae, and we have found that interest to be significant both in the context of delinquency cases, S. A. S. v. District Court, supra, and neglect and dependency matters, People in the Interest of D. A. K., 198 Colo. 11, 596 P.2d 747 (1979); People in the Interest of E. F. C., 30 Colo. App. 190, 490 P.2d 706 (1971).
We conclude that the state is the exclusive party to bring neglect and dependency proceedings. The grandmother of Timothy McCall could request the county department of social services to bring such a proceeding or refer the matter to the juvenile court as provided in section 19-3-101(2), but she could not bring a neglect and dependency petition on her own. It has consistently been held that a neglect and dependency action may not be used as a means of obtaining legal custody. Wellbrink v. Walden, supra; Everett v. Barry, supra; People in the Interest of W. C., 35 Colo.App. 416, 533 P.2d 501 (1975).
Therefore, we conclude that the respondent court did not have jurisdiction and should have granted the motion to dismiss. The rule is made absolute, and the respondent court is directed to dismiss the case.
NOTES
[1] Section 19-1-103(20) provides:

"`Neglected or dependent child' or `dependent or neglected child' means a child:
(a) Whose parent, guardian, or legal custodian has abandoned him or has subjected him to mistreatment or abuse or whose parent, guardian, or legal custodian has suffered or allowed another to mistreat or abuse the child without taking lawful means to stop such mistreatment or abuse and prevent it from recurring;
(b) Who lacks proper parental care through the actions or omissions of the parent, guardian, or legal custodian;
(c) Whose environment is injurious to his welfare;
(d) Whose parent, guardian, or legal custodian fails or refuses to provide proper or necessary subsistence, education, medical care, or any other care necessary for his health, guidance, or well-being;
(e) Who is homeless, without proper care, or not domiciled with his parent, guardian, or legal custodian through no fault of such parent, guardian, or legal custodian;
(f) Who has run away from home, or is otherwise beyond the control of his parent, guardian, or legal custodian."
[2] Section 19-3-101(2) provides:

"Whenever it appears to a law enforcement officer or other person that a child is or appears to be within the court's jurisdiction [as neglected or dependent] the law enforcement officer or other person may refer the matter to the court, which shall have a preliminary investigation made to determine whether the interests of the child or of the community require that further action be taken, which investigation shall be made by the probation department, county department of social services, or any other agency designated by the court. On the basis of the preliminary investigation, the court may: . . . (b) Authorize a petition to be filed. . . ."
[3] Previous versions of the neglect and dependency statute similarly have authorized petitions or complaints of child neglect by disinterested third persons: C.S.A.1923, § 605; C.S.A.1935, 33-3; C.R.S.1953, 22-1-3; C.R.S.1963, 22-1-3; 1967 Perm.Supp. C.R.S.1963, 22-3-1, but it is equally clear that the state has been the true party in interest throughout. Ross v. Ross, 89 Colo. 536, 5 P.2d 246 (1931).
[4] The county attorney may also represent the state in neglect and dependency proceedings. Section 19-1-106(3), C.R.S.1973 (1978 Repl. Vol. 8).