## No. 28266

**The People of the State of Colorado, In the Interest of R.A.D., and Concerning G.D.**

(586 P.2d 46)

Decided October 30, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, for petitioner-appellee.

John A. Purvis, Acting State Public Defender, Nicholas R. Massaro, Jr., Deputy, for minor child-appellant.

432

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

Pursuant to a juvenile court petition in delinquency, a jury trial was held and charges of conspiracy[1] and theft[2] were proved against the juvenile appellant, R.A.D.

During voir dire one of the prospective jurors, Vine, revealed that he was employed by the State of Colorado as a security guard at the Colorado Bureau of Investigation. His job involved opening the building doors at night for law enforcement officers. He indicated that if an emergency arose he could be given orders for temporary responsibilities by the executive director of the CBI.

Vine was challenged for cause by the juvenile appellant on the ground that he was a compensated employee of a public law enforcement agency. The trial court denied the challenge, ruling that a juvenile delinquency proceeding is governed by the Colorado Rules of Civil Procedure and those rules do not expressly provide that one who is a paid employee of a public law enforcement agency must be removed from the jury panel if challenged for cause. Vine was then taken off the jury by the appellant's exercising one of his peremptory challenges, all of which were used. We hold that the trial court's failure to sustain the challenge for cause constituted reversible error requiring a new trial.

▮ In a criminal case it is a ground for a challenge for cause that a prospective juror is a compensated employee of a public law enforcement agency. Section 16-10-103, C.R.S 1973; Crim P. 24(b)(1)(XII). The trial court must sustain such a challenge. Under the statute and rule governing criminal proceedings the actual bias of a law enforcement employee need not be shown. Apparently the rationale is that one who is employed by a law enforcement agency is likely to favor the group with whom he comes in daily contact and upon whom his livelihood depends. To insure that a jury is impartial in both fact and appearance, a prospective juror who has even a tenuous relationship with any prosecutorial or law enforcement arm of the state should be excused from jury duty in a criminal case. *See Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1951); *State v. West,* 200 S.E.2d 859 (W.Va. 1973); *cf. Safeway Stores, Inc. v. Langdon,* 187 Colo. 425, 532 P.2d 337 (1975) (challenge for cause in a civil case).

▮ The rules of civil procedure, unlike the rules of criminal procedure, do not explicitly define as grounds for a challenge for cause the

---

[1] Section 18-2-201, C.R.S. 1973 (1977 Supp.).
[2] Section 18-4-401, C.R.S. 1973 (1977 Supp.).

juror's employment by a law enforcement agency. *Compare* C.R.C.P. 47(3) *with* Crim. P. 24(b)(1)(XII).[3]

It is for the protection of young offenders that juvenile delinquency proceedings are classified as "civil" and governed by the rules of civil procedure. C.R.J.P. 1. These proceedings seek to treat the child who has transgressed in the manner most likely to serve the interests of both the child and society. Section 19-1-102(1)(a), C.R.S. 1973; *In the Interest of C.B.,* 196 Colo. 362, 585 P.2d 281 (1978). The law's goal is to reform and rehabilitate, not merely to punish the child. The state does not act in its traditional prosecutorial role but as *parens patriae* of the child. *People ex rel. Terrell v. District Court,* 164 Colo. 437, 435 P.2d 763 (1967).

Despite the technical classification of a juvenile delinquency proceeding as "civil," the proceeding has many characteristics of a criminal prosecution. A juvenile may be charged with acts which would constitute a crime if done by an adult, a jury trial may be held, and the child may be represented by counsel. Section 19-1-106, C.R.S. 1973. A juvenile who is adjudicated as a delinquent, like an adult criminal, is subject to involuntary incarceration. Section 19-3-113, C.R.S. 1973. Though the purpose of incarceration is rehabilitative, not punitive, the juvenile is nonetheless deprived of liberty. *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In the Interest of C. B., supra.*

A juvenile, like an adult, is entitled to the essentials of due process before his freedom may be curtailed. *In re Gault, supra.* Fundamental fairness mandates that the charges against a juvenile be evaluated by a fair and impartial jury. Thus we hold that the rule allowing one charged in an adult criminal prosecution to challenge for cause a prospective juror who is employed by a law enforcement agency, must also be applied in juvenile delinquency proceedings.

Logically the same likelihood of bias affects the law enforcement employee whether an adult or a child is charged with an offense. Logically the same rule should govern both situations. Due process, in the sense of obvious, fundamental fairness, should have prompted the trial judge here to sustain the appellant's challenge for cause.

The appellant was deprived of his statutorily guaranteed number of peremptory challenges, for he was forced to employ one of them to excuse a juror who should have been excused for cause. Had the challenge been sustained, the composition of the jury would have been different. No one can tell what effect this might have had upon the trial's outcome and it is not for us to speculate. *Skeels v. People,* 145 Colo. 281, 358 P.2d

---

[3] However, such a ground for challenge might be inferred from C.R.C.P. 47(e)(3).

605 (1961); *Denver City Tramway Co. v. Kennedy,* 50 Colo. 418, 117 P.167 (1911).

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial, consonant with the views here expressed.

MR. JUSTICE PRINGLE does not participate.