Roger J. BLASI, Petitioner,

v.

Chase RIVELAND, Executive Director of the Department of Corrections, State of Colorado, and David W. Enoch, Chief Judge, Court of Appeals, State of Colorado, and Robert W. Ogburn, District Court Judge, District Court in and For the County of Alamosa, State of Colorado, Respondents.

Civ. A. No. 84–K–562.

United States District Court, D. Colorado.

Sept. 22, 1984.

J.E. Losavio, Pueblo, Colo., for petitioner.

Maureen Phelan, Asst. Atty. Gen., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this aspect of the habeas corpus proceeding brought by petitioner pursuant to Title 28 § 2254, Roger J. Blasi, convicted of second degree sexual assault in December, 1981 in Alamosa, Colorado, is now seeking an evidentiary hearing so that the primary issue raised in the petition for habeas relief, filed March 15, 1984, in the United States District Court for the District of Colorado, can be fully laid open for review. Blasi contends there was juror misconduct at his trial; that Patricia Cunningham deliberately concealed her bias against Blasi on voir dire examination; that Cunningham should have disclosed more fully the extent of her prior contact with Blasi that had occurred some years before; and that as a result, Blasi's right to challenge Cunningham for cause was impaired. Blasi contends this was a violation of his Sixth Amendment right to a trial by a fair and impartial jury.

## PROCEDURAL HISTORY

Blasi was found guilty by a jury verdict December 17, 1981. He moved for a new trial, which was denied by the trial court January 25, 1982. Blasi then appealed to the Colorado Court of Appeals from his conviction and denial of his motion for new trial. The appellate court affirmed the conviction and ruling on the motion. The Colorado Supreme Court denied certiorari March 5, 1984, and on March 15, 1984 Blasi filed this petition for habeas relief. The

issues raised here were also raised at the state level.

I issued an order to show cause to respondents March 19, 1984. The subsequent filing of pleadings and other evidentiary papers compelled me to deny respondents' motion to dismiss which was brought for failure to exhaust state remedies; I did, however, grant petitioner's motion to take the deposition of Cunningham (Order dated May 22, 1984). Cunningham was deposed June 29, 1984, and her deposition was filed with this court August 16, 1984, along with a motion for evidentiary hearing regarding the primary issue to be determined herein: whether the alleged juror misconduct denied to Blasi his Sixth Amendment right to a trial by a fair and impartial jury. Respondents have filed their second motion to dismiss September 4, 1984, generally arguing that the Cunningham deposition and other factual matters as revealed by the record show convincingly that Cunningham was not biased in her deliberations as a juror.

I have already determined that petitioner has met the exhaustion requirements under section 2254 in my order dated May 22, 1984. *See Watson v. Patterson*, 358 F.2d 297, 298 (10th Cir.1966).

■ Under section 2254, the burden petitioner must overcome is that he must establish by convincing evidence that the factual determinations made on the state level were erroneous; or, that any one of seven conditions, as set forth in section 2254(d) exist; or that the state court determination is not supported by the record. Otherwise, the findings of the state court shall be presumed to be correct. *See Summer v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981).

## DISCUSSION

■ In Blasi's petition, he contends that Cunningham actively concealed her bias on voir dire examination. A court must excuse a prospective juror if actual bias is discovered during voir dire. *See United States v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977). Blasi asserts that Cunningham

made comments to the other jurors during deliberations to the effect that she, Cunningham, knew that Blasi was guilty because of her prior contact with Blasi over an insurance transaction four or five years before the trial; that her contact with Blasi was one to which she took umbrage; that a more detailed account of this meeting should have been disclosed during voir dire, but was not, which effectively prevented defense counsel from challenging Cunningham for cause, since all allowable peremptory challenges had been expended. Blasi also contends that Cunningham failed to disclose on voir dire that she had been the victim of a sexual assault and that she had been actively involved in Tu Casa, a social group which had been organized in the Alamosa area. Tu Casa provided assistance to women who were the victims of physical or sexual abuse.

■ In my review of the record in this instance, I have determined that the sexual assault assertion is without merit; that the alleged incident concerning Cunningham occurred months after the Blasi trial, and formal charges were never lodged against anyone as a result of the incident. The record further discloses that Cunningham joined Tu Casa after the conclusion of the Blasi trial; that it was her experience as a juror that prompted her to join. This aspect of petitioner's claim for habeas relief is also without merit.

The remaining contention of petitioner, which required me to conduct a search and analysis of the record, focuses on Cunningham's previous contact with Blasi before commencement of his trial. Cunningham, in her deposition, testified that when she came to the Alamosa area early in the seventies, she hired on with an area teachers corps. The corps primarily dealt with specialized instruction for children. It was during her tenure as an instructor with the corps that she first met Blasi. Blasi sold group insurance to the teachers at the corps. Cunningham purchased health and life insurance, as she recalled, sometime between 1973 and 1975. She later termi-

nated her employment as a teacher and sought a refund from the cancelled insurance policy. Cunningham recalled going to Blasi's home to obtain the refund, but did not, however, recall whether she was successful. Apparently she was not. In Blasi's affidavit, he states that Cunningham left his home in an angry mood because she was given to understand that she could not obtain a refund. This encounter, according to petitioner, formed the foundation of Cunningham's alleged bias which resulted in juror misconduct.

In support of Blasi's contentions, affidavits of jurors have been submitted. Generally, all the jurors recall Cunningham quite clearly, and she is described in the affidavits as having been assertive and persuasive during jury deliberations. Cunningham testified that she felt it was her duty to be an assertive member of the jury; that she, in fact, took an oath to that effect. She also expressed the view during voir dire that she was interested in the subject matter of the case, sexual abuse.

I find and conclude that this court does not have authority to invade the province of the jury. *See Martinez v. Ashton*, 124 Colo. 23, 25, 233 P.2d 871 (1951). Moreover, the trial court's findings, on Blasi's motion for new trial; that Cunningham used only her knowledge of Blasi which she had obtained in her business dealings with him; that she was not predisposed in her judgment of Blasi during her deliberations, is amply supported by the record in this instance. His findings were not erroneous. It is sufficient if a juror can lay aside her impression or opinion and render a verdict based on the evidence presented in court. *See Irvin v. Dowd*, 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751, 756 (1960). Even a strong aversion to a particular crime will not automatically disqualify a prospective juror when the juror states that she can set aside her feelings and decide the case based upon the evidence and the law, as was done in this instance. *See People v. Taggart*, 621 P.2d 1375, 1384 (Colo.1981) (citations omitted). Further, petitioner has the burden to prove there

was actual bias on the part of Cunningham. The record here simply does not support this contention. *See United States v. Kimberlin*, 527 F.Supp. 1010, 1013 (S.D.Ind. 1981). The alleged bias was known to Blasi at the time of voir dire examination, and there was ample opportunity for him to exploit all available methods and techniques of inquiry to ferret out any bias from prospective juror Cunningham. This was not done, in spite of a clear opportunity to do so. "A disqualification which by reasonable diligence could have been discovered before verdict, may not be made the subject of an attack upon a verdict." *See Brown v. United States*, 356 F.2d 230, 233 (10th Cir.1966) (quoting *Spivey v. United States*, 109 F.2d 181, 186 (5th Cir.1940) *cert. denied*, 310 U.S. 631, 60 S.Ct. 1079, 84 L.Ed. 1401 (1940)). Therefore, having considered the full record in this case, I conclude that there is no need for an evidentiary hearing, and I am satisfied that petitioner's Sixth Amendment right to a trial by a fair and impartial jury has not been violated. It is therefore,

ORDERED that petitioner's motion for habeas corpus relief is denied. It is further

ORDERED that respondents' motion to dismiss the action herein is granted.