The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Larry RHODUS, Defendant–Appellant.

No. 90CA1801.

Colorado Court of Appeals, Div. V.

July 16, 1992.

Rehearing Denied Dec. 17, 1992.

Certiorari Granted June 7, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Richard K. Rediger, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Sally S. Townshend, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Larry Rhodus, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of possession of contraband in the first degree. We reverse and remand for a new trial.

While incarcerated in the Fremont Correctional Facility, defendant was charged with possession of contraband because a plastic jug of liquid containing ethanol was discovered in his cell.

During jury selection, and after defendant exercised his final peremptory challenge, the Fremont County Clerk and Recorder was called to the jury box.

She acknowledged that the district attorney's office, the prosecuting office in this case, was, by statute, her legal advisor. Further, she stated that she had consulted with the district attorney's office for legal opinions on four occasions during the preceding three years, and that she had conferred with the prosecuting attorney in this case on one or two prior occasions.

Throughout voir dire, however, the prospective juror maintained that her relationship with the district attorney's office and with the prosecuting attorney would not have any affect upon her ability to sit as a fair and impartial juror. Nevertheless, defense counsel asked the court to excuse the juror for cause, reasoning that there would be an "appearance of impropriety" if she were to sit as a juror.

The court denied counsel's request, ruling first that there was no specific provision in Crim.P. 24 authorizing a challenge for cause. The court then reasoned that in order to grant the challenge, it would have to presume some sort of bias on the part of the juror. The court concluded that since there was nothing in the record from which to base an inference of bias, there was no basis for a challenge.

Defense counsel subsequently asked the court for an additional peremptory challenge, but the court denied this request.

The clerk and recorder and the other members of the jury panel were sworn in, and then excused for recess. During the recess, the prosecuting attorney revealed that his office had previously represented the clerk and recorder in a recall election lawsuit. The prosecuting attorney advised the court that the lawsuit was concluded approximately one year prior to the date the information was filed in this case.

### I

■ Defendant's sole contention is that the trial court improperly denied his challenge for cause to the clerk and recorder. The prosecution initially responds that we may not consider the merits of defendant's contention because defense counsel failed to cite the specific statutory authority upon which the challenge for cause was based. We find no merit in the prosecution's contention.

The questions posed and the answers given by the clerk and recorder sufficiently reveal the basis for the challenge. Accordingly, we will address whether the record establishes any grounds upon which the juror could be legitimately challenged for cause. See People v. Russo, 713 P.2d 356 (Colo.1986); see also People v. Coleman, 844 P.2d 1215 (Colo.App.1992) (defense counsel specifically objected relying upon § 16–10–103(1)(k), C.R.S. (1986 Repl.Vol. 8A)).

### II

■ We recognize that neither § 16–10–103, C.R.S. (1986 Repl.Vol. 8A) nor Crim.P. 24 authorize an automatic challenge for cause when a prospective juror is a county officer who is represented by the district attorney's office. The issue then is whether the juror's on-going professional relationship with the district attorney's office

creates an appearance of partiality sufficient to constitute grounds for disqualification. We conclude that it does.

Early in the jurisprudence of this state, the need for trial of the accused before an impartial tribunal was emphasized as a matter of public policy. *See People ex rel. Burke v. District Court,* 60 Colo. 1, 152 P. 149 (1915). It is now more often expressed as a concept of due process or fundamental fairness. *See People v. Macrander,* 828 P.2d 234 (Colo.1992); *People in Interest of R.A.D.,* 196 Colo. 430, 586 P.2d 46 (1978).

The critical need for an impartial jury has focused the analysis of juror qualifications not only on bias in fact, but on the concept of implied bias as well. As stated by our supreme court in *People v. Macrander, supra:*

> Actual bias is a state of mind that prevents a juror from deciding the case impartially and without prejudice to a substantial right of one of the parties. *Black's Law Dictionary* 162 (6th ed. 1990). Implied bias is 'a bias attributable in law to the prospective juror regardless of actual partiality.' ... Bias may be implied, for example, when a prospective juror has a close relationship to a party or attorney in the case, or has had an important contact with the case, so as to create serious doubt about the prospective juror's impartiality, if not in fact, then at least in appearance....

■ Thus, a determination that implied bias exists in any particular case is not dependent upon the responses of the juror to voir dire. It may rest, instead, upon a prior or existing relationship that the juror has with counsel, a party, or a cause such that an unconscious partiality is assumed. *See People ex rel. Burke v. District Court, supra; Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952). This type of bias must be assumed because as explained in *People ex rel. Burke v. District Court, supra,*

> As a rule it is the result of no dishonest motives, and he whose acts are affected

by prejudice is usually unconscious of its influence.

To avoid the influence of this type of bias, our supreme court has stated in *People in Interest of R.A.D., supra:*

> To insure that a jury is impartial in both fact and appearance, a prospective juror who has even a tenuous relationship with any prosecutorial or law enforcement arm of the state should be excused from jury duty in a criminal case.

Here, the professional relationship between the prosecution and the clerk and recorder is clearly more than tenuous. The statute mandates that the prosecutor undertake her representation in prescribed areas of law. *See* § 20–1–105, C.R.S. (1986 Repl.Vol. 8B). The prosecutor has done so and was obligated to continue doing so after the trial of this case. Given the existence of these three factors, we hold that the challenge for cause should have been granted on the basis that bias is implied.

The judgment is reversed, and the cause is remanded for a new trial.

NEY and ENOCH,* JJ., concur.