The PEOPLE of the State of Colorado, Petitioner,

v.

Larry RHODUS, Respondent.

No. 93SC29.

Supreme Court of Colorado, En Banc.

March 14, 1994.

Rehearing Denied April 4, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Patrick E. Meyers, Sp. Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Frances Smylie Brown, Chief Appellate Deputy Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

█ We granted certiorari to review *People v. Rhodus*, 852 P.2d 1280 (Colo.App.1992). In *Rhodus*, the court of appeals ordered a new trial because of the trial judge's decision to deny defense counsel's challenge of a juror for cause. The question before us is whether a county official whose office, by statutory mandate, is represented by the prosecutor should be excluded from serving on a jury because the county official is implicitly bi-

ased.[1] We answer the question in the negative. Accordingly, we reverse and remand to the court of appeals with directions to reinstate the judgment of conviction and sentence imposed by the district court.

## I

The defendant, Larry Rhodus (Rhodus), was an inmate in the Fremont Correctional Facility when prison authorities notified him that he was being transferred to another jurisdiction. Rhodus was told to gather his belongings and turn them in to the property custodian of the prison. Rhodus did not comply, and after two hours passed, Rhodus was taken by the authorities to a waiting vehicle for transportation to another jurisdiction. The officers cleaned his cell and turned his personal property over to the custodian. While cleaning the cell, a container of ethyl alcohol was found under his bunk.

As a result of the ethyl alcohol found in his cell, Rhodus was prosecuted for possession of contraband.[2] During jury selection, and after Rhodus exercised his final peremptory challenge, Norma Hatfield (Hatfield), the Fremont County Clerk and Recorder, was called to the jury box and voir dired.

By statute, the district attorney's office is the legal advisor to the county clerk and recorder.[3] Thus, the prosecutor's office in this case was also the attorney for Hatfield in her capacity as county clerk and recorder. Hatfield knew the prosecuting attorney and had consulted with him on several occasions in connection with her duties as the Fremont County Clerk and Recorder. The district attorney was not representing Hatfield at the time the defendant was tried. Hatfield stated that although the county clerk and record-

er's office is represented by the district attorney, she could be fair and impartial.

Nevertheless, defense counsel challenged Hatfield for cause:

Your Honor, based on the relationship of Ms. Hatfield and her office with the Office of the District Attorney, being the District Attorney is their legal advisor, I would be asking the Court to excuse her for cause. I think there is considerable question here. I understand that Ms. Hatfield would try to be fair, but I think there is an appearance of impropriety having her also sit as a juror where the District Attorney's Office is also prosecuting the case.

The trial judge denied the challenge and stated:

There is no specific Rule 24 challenge for cause. In order to successfully challenge—or to grant the challenge, I would have to presume some sort of bias on the part of Ms. Hatfield. There is nothing in the record from which to base an inference that there would be a bias whatsoever.

After a side-bar conference, the defense renewed the challenge:

Again, I think that because—I would just renew the motion based upon the relationship between the two offices and the statutory relationship with the two offices in that Ms. Hatfield is bound to go to the District Attorney's Office for opinions. They rely on their opinions. They rely on the reliability of information given to them by the District Attorney's Office. There is a clear appearance of impropriety, and I think that the relationship is such that a challenge for cause should be granted.

The trial judge denied the motion. Because the defense had exhausted their peremptory

---

**1.** Specifically, the issue on which we granted certiorari is:

Whether a trial court's denial of a challenge for cause should be overturned on the basis of an "implied bias" standard where (1) the challenge for cause is based solely on the fact that the prospective juror is a county official who is statutorily represented by the prosecutor's office, but not actively so at the time of trial; (2) the trial court finds that there is no objective evidence of any bias; and (3) "implied bias" is not listed in either § 16–10–103(1), 8A C.R.S. (1986), or Crim.P. 24(b)(1).

**2.** § 18–8–204.1, 8B C.R.S. (1986 & 1993 Supp.).

**3.** § 20–1–105(1), 8A C.R.S. (1986), provides:

The district attorney, upon request of any county officer of any county within his district, without fee, shall give his opinion in writing upon all questions of law having references to the duties of such officer which may be submitted and shall file and preserve in his office a copy of all such opinions.

challenges before Hatfield was questioned, the defense requested an additional peremptory challenge. The court denied the request.

The following day, the jury returned a verdict of guilty. Following his conviction, Rhodus was sentenced to eighteen months confinement to run consecutively with the sentence he was already serving. Rhodus appealed the conviction contending that when the trial court permitted Hatfield to remain on the jury, he was deprived of a fair and impartial trial. The Colorado Court of Appeals reversed the conviction and remanded the case for a new trial holding that because the professional relationship between the prosecution and Hatfield was "more than tenuous" and the relationship was mandated by statute, the trial court should have granted the challenge for cause on the basis that Hatfield was implicitly biased.

## II

Rhodus contends that the relationship between Hatfield and the district attorney's office created an implied bias and therefore the trial court should have granted Rhodus' challenge for cause. We do not agree.

## A

 Although challenges for cause are specifically provided for in Crim.P. 24 and section 16–10–103, 8A C.R.S. (1986), they stem from a defendant's right to a trial before a fair and impartial jury. U.S. Const. amend. VI; Colo. Const. art. II, § 16. Due process requires a fair trial in a fair tribunal. *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). The right to challenge a potential juror for cause is an integral part of a fair trial. *Beeman v. People*, 193 Colo. 337, 339, 565 P.2d 1340, 1342 (1977). However, "[f]airness requires more than the elimination of actual prejudice." *People v. Macrander*, 828 P.2d 234, 238 (Colo.1992). The conduct of justice must not only achieve the reality of fairness, it must also "satisfy the appearance of justice." *In re Murchison*, 349 U.S. at 136, 75 S.Ct. at 625.

 The bias of a juror may be actual or implied: "That is, it may be bias in fact or bias conclusively presumed as a matter of law." *United States v. Wood*, 299 U.S. 123, 133, 57 S.Ct. 177, 179, 81 L.Ed. 78 (1936). "Actual bias is a state of mind that prevents a juror from deciding the case impartially and without prejudice to a substantial right of one of the parties." *Macrander*, 828 P.2d at 238 (citing *Black's Law Dictionary* 162 (6th ed. 1992)). A court must excuse a prospective juror if actual bias is discovered during voir dire. *Blasi v. Riveland*, 592 F.Supp. 1299, 1301 (D.Colo.1984). If "the court is satisfied that the potential juror will render a fair and impartial verdict according to the law and to the evidence submitted at trial, that person should not be disqualified." *People v. Sandoval*, 733 P.2d 319, 320 (Colo. 1987).

 On the other hand, implied bias is a bias "attributable in law to a prospective juror regardless of actual partiality." *Wood*, 299 U.S. at 134, 57 S.Ct. at 180. In order to maintain the appearance of impartiality in our justice system, the General Assembly and the courts have delineated circumstances in which bias is implied by law. *See* § 16–10–103, 8A C.R.S. (1986); Crim.P. 24(b).[4]

---

4. § 16–10–103(1), 8A C.R.S. (1986) sets forth the grounds on which a court should sustain a challenge for cause:

**Challenge of jurors for cause.** (1) The court shall sustain a challenge for cause on one or more of the following grounds:

(a) Absence of any qualification prescribed by statute to render a person competent as a juror;

(b) Relationship within the third degree, by blood, adoption, or marriage, to a defendant or to any attorney of record or attorney engaged in the trial of the case;

(c) Standing in the relation of guardian and ward, employer and employee, landlord and tenant, debtor and creditor, or principal and agent to, or being a member of the household of, or a partner in business with, or surety on any bond or obligation for any defendant;

(d) The juror is or has been a party adverse to the defendant in a civil action or has complained against or been accused by him in a criminal prosecution;

(e) The juror has served on the grand jury which returned the indictment, or on a coroner's jury which inquired into the death of a person whose death is the subject of the indictment or information, or any on other investigatory body which inquired into the facts of the crime charged;

*See, e.g., Nailor v. People,* 200 Colo. 30, 32, 612 P.2d 79, 80 (1980) (stating the test for bias is found in section 16–10–103(1)(j) and Crim.P. 24(b)(1)(X)). Under the Colorado statute and criminal rules, a prospective juror is presumed excused for cause, in most instances, if a relationship exists between the prospective juror and a participant in a criminal trial. The provisions in the statute and Crim.P. 24 are similar to many states' presumptive bias statutes. *See Smith v. Phillips,* 455 U.S. 209, 234–35, 102 S.Ct. 940, 955, 71 L.Ed.2d 78 (1982) (Marshall, J. dissenting) (noting that state challenge for cause provisions commonly exclude prospective jurors who are related to the prosecution, defense counsel, a witness, or a defendant). The challenge for cause pursuant to these sections is mandatory. § 16–10–103(1), 8A C.R.S. (1986) (stating that "the court *shall* sustain a challenge for cause" on certain grounds (emphasis added)).

■ Section 16–10–103(1)(j), 8A C.R.S. (1986), and Crim.P. 24(b)(1)(X), require a court to sustain a challenge for cause if a juror has a "state of mind evincing enmity or bias toward the defendant or the state...." § 16–10–103(1)(j), 8A C.R.S. (1986).[5] However, unlike the other subsections in section 16–10–103(1), which require an automatic grant of a challenge for cause if the statutory

(f) The juror was a juror at a former trial arising out of the same factual situation or involving the same defendant;
(g) The juror was a juror in a civil action against the defendant arising out of the act charged as a crime;
(h) The juror was a witness to any matter related to the crime or its prosecution;
(i) The juror occupies a fiduciary relationship to the defendant or a person alleged to have been injured by the crime or the person on whose complaint the prosecution was instituted;
(j) The existence of a state of mind in the juror evincing enmity or bias toward the defendant or the state; however, no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial;
(k) The juror is a lawyer or a compensated employee of a public law enforcement agency.

criteria are met, subsection 16–10–103(1)(j) leaves the decision to disqualify a juror to the discretion of the court if the court is satisfied that the potential juror will render an impartial verdict.[6] *Id.* The trial court has broad discretion in deciding whether or not the juror has bias or enmity under section 16–10–103(1) or Crim.P. 24 because the trial court is in the best position to view the demeanor of the juror when he or she claims impartiality. *People v. Russo,* 713 P.2d 356, 362 (Colo.1986).

The court of appeals recognized that the defendant did not have grounds to challenge Hatfield for cause based on her position as a county officer represented by the district attorney's office under either section 16–10–103(1), 8A C.R.S. (1986), or Crim.P. 24. However, the court of appeals concluded that if a prospective juror has an ongoing professional relationship with the district attorney's office, there is an appearance of impropriety sufficient to constitute grounds for disqualification because that juror has an implied bias. *Rhodus,* 852 P.2d at 1282.

Thus, implied bias is the keystone for the implication by the court of appeals that all county officers who have been, or may be, represented by the district attorney's office must be disqualified when challenged for cause. The court of appeals stated:

*See also* Crim.P. 24(b)(1).

5. Crim.P. 24(b)(1)(X) provides that a challenge for cause shall be sustained when:

The existence of a state of mind in a juror manifesting a bias for or against the defendant, or for or against the prosecution, or the acknowledgement of a previously formed opinion regarding the guilt or innocence of the defendant shall be grounds for disqualification of the juror, unless the court is satisfied that the juror will render an impartial verdict based solely upon the evidence and the instructions of the court.

6. Specifically, § 16–10–103(1)(j), 8A C.R.S. (1986), provides:

[N]o person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial.

[A] determination that implied bias exists in any particular case is not dependent upon the responses of the juror to voir dire. It may rest, instead, upon a prior or existing relationship that the juror has with counsel, a party, or a cause such that an unconscious partiality is assumed. *See People v. ex rel. Burke v. District Court* [60 Colo. 1, 152 P. 149 (1915)]; *Tate v. People*, 125 Colo. 527, 247 P.2d 665 (1952). This type of bias must be assumed because as explained in *People ex rel. Burke v. District Court, supra*, "As a rule it is the result of no dishonest motives, and he whose acts are affected by prejudice is usually unconscious of the influence."

*Rhodus*, 852 P.2d at 1282.

In our view, the court of appeals opinion strikes too broadly and goes beyond the intent of the General Assembly and the plain wording of Crim.P. 24. The court of appeals holding creates an automatic exclusion of a juror because of his or her position as a county employee and the fact that, by statute, the county office is represented by the district attorney's office. There is no legislative or constitutional support for such a holding.

### B

The court of appeals relies on *People v. Macrander*, 828 P.2d 234 (Colo.1992), and *People in Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978), to support its holding that Hatfield was impliedly biased and should have been excused for cause. *Rhodus*, 852 P.2d at 1282. In *Macrander*, 828 P.2d at 238–39, we said:

Bias may be implied, for example, when a prospective juror has a close relationship to a party or attorney in the case, or has had an important contact with the case, so as to create serious doubt about the prospective juror's impartiality, if not in fact, then at least in appearance.

Section 16–10–103(1) lists eleven separate grounds for challenging a prospective juror for cause and states that the court

"shall sustain a challenge for cause" predicated on any one of them. Those grounds include not only ... actual bias but extend to various forms of implied bias as well, including specific relationships between a prospective juror and an interested party or participant in the case....

(Citations omitted.) Similarly, in *R.A.D.*, 196 Colo. at 432, 586 P.2d at 47, we noted:

To insure that a jury is impartial in both fact and appearance, a prospective juror who has even a tenuous relationship with any prosecutorial or law enforcement arm of the state should be excused from jury duty in a criminal case.

Neither the holding in *Macrander* nor *R.A.D.* controls this case. In *Macrander*, the question involved a prospective juror whose son was a deputy district attorney on the staff of the elected district attorney who initiated the prosecution. The court held that the challenge for cause should have been granted pursuant to section 16–10–103(1)(b). Section 16–10–103(1)(b) requires a trial court to sustain a challenge for cause if the prospective juror is related within the third degree to a defendant, an attorney of record, or an attorney engaged in the trial of the case. *Macrander*, 828 P.2d at 240. We stated:

A challenge for cause predicated on section 16–10–103(1)(b), however, involves a narrow inquiry into an objective and readily determinable relationship between the prospective juror and an attorney of record. If the statutory relationship is established and a party challenges the prospective juror for cause on that ground, the trial court has no discretion in the matter and "shall sustain the challenge" by removing the juror from further service on the case.

*Id.* at 240. Thus, the critical factor in *Macrander* was not contact with the district attorney's office pursuant to section 16–10–103(1)(j), but a relationship between the prospective juror and the district attorney's office that the legislature determined created a presumptive bias under section 16–10–103(1)(b).[7] Therefore, the implied bias found

---

7. The court of appeals in *Rhodus* does not specifically base its determination on a particular subsection of section 16–10–103(1) or Crim.P. 24(b).

We, however, hold that Hatfield possessed no "relationship" with the district attorneys office

in *Macrander* does not apply to the facts in this case.

Similarly, in *R.A.D.*, this court applied subsection 16–10–103(1)(k) which requires mandatory disqualification of compensated employees of law enforcement agencies. *R.A.D.*, 196 Colo. at 432, 586 P.2d at 48. The *R.A.D.* court's dicta respecting disqualification of a prospective juror who "has even a tenuous relationship with any prosecutory or law enforcement arm of the state should be excused from jury duty in a criminal case," *R.A.D.*, 196 Colo. at 432, 586 P.2d at 47, was made in the context of a prospective juror who was a compensated employee of a public law enforcement agency, not in the context of a county employee who was represented, by statutory mandate, by the district attorney's office.

*Macrander* and *R.A.D.* do not indicate that county officials who, by statute, are represented by the prosecuting office are impliedly biased. In addition, cases from other jurisdictions that address the issue of implied bias do not support the court of appeals result.

Several federal cases have held that government employees are not presumed to be biased merely because of their employment. *See Wood*, 299 U.S. at 133, 57 S.Ct. at 179 (sustaining act of Congress which removed the disqualification of government employees from jury service on criminal and other cases in which the government is a party); *Frazier v. United States*, 335 U.S. 497, 514, 69 S.Ct. 201, 210, 93 L.Ed. 187 (1949) (upholding conviction by a jury comprised solely of government employees); *see also United States v. Lawson*, 670 F.2d 923, 926 (10th Cir.1982) (stating that "[t]he courts have long rejected contentions that government employees must automatically be stricken from juries considering violations of federal laws"); *Culbertson v. State*, 193 Ga.App. 9, 386 S.E.2d 894, 895 (1989) (holding that the trial court did not abuse its discretion in denying challenge for cause of potential juror employed as a correctional officer because the position of correctional officer does not "necessitate the imputation of possible bias as in the instance of full-time police officers").

as contemplated by § 16–10–103(1)(b), 8A C.R.S.

Even government employees who have contacts with a prosecutor or other law enforcement personnel have not been previously considered presumptively biased. For example, in *Smith v. Phillips*, 455 U.S. 209, 212, 102 S.Ct. 940, 943, 71 L.Ed.2d 78 (1982), a juror submitted an application for employment with the district attorney's office as a major felony investigator. The defendant argued that the district attorney's failure to bring the application to the attention of defense counsel until after the trial had concluded violated his due process rights under the Fourteenth Amendment of the United States Constitution. *Id.* at 214, 102 S.Ct. at 944. The Court rejected the defendant's argument stating: "A holding of implied bias to disqualify jurors because of their relationship with the Government is no longer possible.... Preservation of the opportunity to prove actual bias is a guarantee of a defendant's right to an impartial jury." *Id.* at 216, 102 S.Ct. at 945 (quoting *Dennis v. United States*, 339 U.S. 162, 171–72, 70 S.Ct. 519, 523, 94 L.Ed. 734 (1950)).

The Colorado Court of Appeals has also held that a trial court did not abuse its discretion by denying a defendant's challenge for cause of a prospective juror who worked as a municipal court clerk; the court implicitly held that the juror would not be presumed biased merely because of her employment status and consequent law enforcement contacts. *People v. Fields*, 697 P.2d 749, 756 (Colo.App.1984), *aff'd*, 732 P.2d 1145 (Colo. 1987). In *Fields*, the defendant argued that because of the juror's employment as a municipal clerk, the juror knew several of the police officers listed as witnesses in the case and had prior knowledge of the case because she had discussed the case with the officer while she was at work. *Id.* "Upon review of the record of [the prospective juror's] voir dire ... it becomes evident that none of these facts rendered [the prospective juror] an impermissibly biased or prejudiced person, unfit to serve on the defendant's jury." *Id.*

Moreover, other state courts have held that even though a prospective juror who has contact with a trial attorney that is mandated

(1986).

by statute, the juror is not automatically disqualified. *See State v. Richmond,* 278 So.2d 17, 20 (La.1973) (upholding a trial court's rejection of a challenge for cause of a prospective juror who was the registrar of voters for the local parish when the registrar was statutorily represented by the district attorney's office and, during the criminal trial, was in fact represented by the district attorney's office in a federal lawsuit regarding the reapportionment of the parish); *State v. Johnson,* 42 Wash.App. 425, 712 P.2d 301, 305 (1985) (rejecting an abuse of discretion argument with regard to a prospective juror who was employed by the state department of social and health services, who frequently was involved with the juvenile court, and whose department was statutorily represented by the state attorney general's office in legal proceedings); *State v. Radi,* 176 Mont. 451, 578 P.2d 1169, 1175 (1978) (stating that the statutory scheme in Montana did "not permit an automatic challenge for cause solely for the reason that a prospective juror in a criminal case is also a county officer" and that "[t]he simple fact that a county attorney is a legal advisor to a public official who is also a potential juror, does not alone disqualify the public officer as a juror").

The court of appeals holding extends *Macrander* and *R.A.D.* and results in the exclusion of any prospective juror who is a county official and, by statute, is represented by a prosecuting agency. The result reached by the court of appeals goes beyond the requirements of due process and the statutory scheme underlying section 16–10–103 as previously interpreted by Colorado cases and invades the discretion of the trial court. As noted in *People ex rel. Faulk v. District Court of the Eleventh Judicial District of Colorado,* 667 P.2d 1384, 1388 (Colo.1983):

> The policy of this state, as expressed in Uniform Jury Selection and Service Act, is that all qualified citizens should be accorded the opportunity to be considered for jury service and that these citizens have an obligation to serve as jurors when summoned for that purpose. In keeping with this policy, no person who is otherwise qualified for jury service is "exempt."

(Citations omitted.)

Therefore, *Macrander* and *R.A.D.* do not support the proposition that an implied bias

exists apart from the statutory scheme nor do these cases suggest that subsection 16–10–103(1)(b) creates an automatic exclusion of a juror because of his or her position as a county employee. Therefore, the court of appeals applied the wrong standard in this case.

### III

Because the court of appeals concluded that Hatfield was impliedly biased, it removed the decision to disqualify Hatfield for cause from the discretion of the trial court. Because there is no basis on which to imply bias, the matter is best left to the discretion of the trial court. Accordingly, we address the issue of whether there was an abuse of discretion in this case.

■ The trial court is given broad discretion in ruling on challenges for cause and its decision should not be overturned unless the trial court abused its discretion. *People v. Fuller,* 791 P.2d 702, 706 (Colo.1990) ("The trial court is given broad discretion in ruling on challenges for cause and its decision will not be overturned unless a clear abuse of discretion appears in the record."). "Considerable discretion" has specifically been given to a causal challenge pursuant to section 16–10–103(1)(j), especially when the prospective juror "disavows any prejudicial bent of mind." *Russo,* 713 P.2d at 362. "This standard recognizes that the trial judge is the only judicial officer able to perform the critical assessments by personal observation of the credibility and demeanor of the prospective juror." *People v. Drake,* 748 P.2d 1237, 1243 (Colo.1988); *see also Russo,* 713 P.2d at 362 (stating that "the resolution of the challenge will ultimately turn on an assessment of such intangibles as the juror's credibility with respect to his own state of mind and his attitude toward the serious responsibility of jury duty"). The record must affirmatively demonstrate that the trial court has abused its discretion before the decision of the trial court can be disturbed on appeal. *Russo,* 713 P.2d at 362.

■ We hold that the trial court did not abuse its discretion in denying Rhodus' chal-

lenge for cause of Hatfield as a juror. The record indicates that Hatfield was able to serve as a fair and impartial juror. Hatfield was the Fremont County Clerk and Recorder for eighteen years at the time of the voir dire but she only sought legal opinions from the district attorney's office "over the last three years maybe four times." She had spoken to the district attorney prosecuting the case only twice. There were no requests for legal opinions from Hatfield to the district attorney's office pending at the time of the criminal case. In addition, her contact with the district attorney's office had absolutely no nexus with the criminal case involving Rhodus. Hatfield stated twice that she could be a fair and impartial juror. The prosecuting attorney specifically asked Hatfield if her relationship with the district attorney's office would "have any affect [sic] upon the way you look at this case?" Hatfield replied: "None at all." It was the trial court's prerogative to give considerable weight to Hatfield's statements that she could serve fairly and impartially on the jury. *Sandoval*, 733 P.2d at 321.

## IV

The court of appeals erred in holding that a county officer who, by statute, is represented by the district attorney's office, has an implied bias and should automatically be excused for cause. Because the trial court did not abuse its discretion in denying Rhodus' challenge for cause, we reverse and remand to the court of appeals with directions to reinstate the judgment of conviction and sentence imposed by the district court.