The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

**Joseph Daniel MOYA, III,**
Defendant–Appellant.

**No. 92CA0686.**

Colorado Court of Appeals,
Div. II.

Sept. 22, 1994.

As Modified on Denial of Rehearing
Jan. 19, 1995.

Certiorari Denied June 26, 1995.

Opinion by Judge MARQUEZ.

Defendant, Joseph Daniel Moya, III, appeals the judgment of conviction entered upon jury verdicts finding him guilty of attempted aggravated robbery and first degree felony murder. He also appeals the trial court's imposition of a life sentence with the possibility of parole after 40 years. We affirm.

According to testimony at trial, on December 5, 1990, defendant and a number of companions, most of whom were members, or associated with members, of the "Bloods" street gang, spent the day observing a murder trial of a friend. Thereafter, they went to an apartment where they drank, discussed committing robberies, and obtained a gun and ammunition.

Later, several, including defendant, drove to a gas station that they considered robbing, then attempted to rob a woman in a mall, and eventually entered the driveway of an apartment complex where a young man was walking down the sidewalk. Defendant and a co-defendant got out of the car. Subsequently, the young man was shot four times, and the group fled the scene. There was testimony to support a theory that the shooting was either gang related or committed in the course of a robbery. Testimony of the co-defendant and others at trial indicated that defendant had shot the young man.

## I.

Defendant first contends that the trial court's failure to grant defendant's challenges for cause to two jurors was error. We disagree.

█ To ensure a defendant's fundamental right to a trial by jurors who are fair and impartial, the trial court must exclude prejudiced or biased persons from the jury. The test to be applied is whether the person would be able to set aside any bias or preconceived notion and render an impartial verdict according to the law and the evidence presented at trial. *People v. Drake*, 748 P.2d 1237 (Colo.1988); *see also* § 16–10–103(1)(j), C.R.S. (1986 Repl.Vol. 8A).

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet F. Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

■ A decision denying a challenge for cause will be set aside only if the record discloses a clear abuse of discretion by the trial court. *People v. Drake, supra.*

### A.

One prospective juror stated that she had been a victim of first degree sexual assault and that she did not "think our judicial system works." She stated: "With everything I went through ... what they got was not fair."

The following exchange then took place between the prosecutor and the prospective juror:

[Prosecutor]: I guess the bottom line is that you're going to be required, if you sit on this jury panel, to follow the law and to make a—an unemotional decision as to what the facts are.

[Juror]: Correct.

[Prosecutor]: Can you do that, say you are sitting down, and, like I was talking to some of the other folks, and you look and you say: Boy, this doesn't look like it should be first degree murder. Do you think you will follow the instructions anyway or would you pitch it?

[Juror]: Yes, I believe I can follow the instructions because it's not the same kind of a case.

[Prosecutor]: Okay. Is there any reason that you could think of because of your having been the victim of a sex assault that would prevent you from being fair and impartial to both sides?

[Juror]: No.

■ After further questioning by defense counsel, the trial court found that the prospective juror's previous experiences did not create bias or prejudice as to this case and denied defendant's challenge for cause. A challenge for cause may be for bias of the prospective juror that is either actual or implied. *People v. Macrander*, 828 P.2d 234 (Colo.1992). An implied bias is a bias attributable in law to a prospective juror regardless of actual partiality. *People v. Rhodus*, 870 P.2d 470 (Colo.1994).

■ As quoted above, the record reveals no actual bias that would require granting a challenge for cause. Here, in denying defendant's challenge for cause, the court further stated:

I think the bottom line with reference to [the prospective juror] is that she was obviously emotionally involved with being the victim of a—what she described as a first degree sexual assault....

She did, however, state in this case, [defendant's] case was not affecting her personally, that she could set her own experience aside, the fact that she had a difficult experience with the judicial system, be it the criminal judicial system or something more greatly expanded than that. The Court does not believe it creates a bias or prejudice or an inability on the part of this juror to be fair and impartial.

Upon consideration of the record as a whole, we conclude that the trial court acted within its discretion in declining to infer that the juror's past experiences would prevent her from being fair and impartial.

Defendant, nevertheless, argues that the prospective juror should have been excused for the implied bias resulting from her past experiences. We disagree.

■ Here, because the grounds alleged for excluding the juror were not within the statutory criteria for implied bias under § 16-10-103(1), C.R.S. (1986 Repl. Vol. 8A), the trial court was not required to exclude the juror. *See People v. Rhodus, supra*; Crim.P. 24(b)(1).

### B.

Similarly, we reject defendant's assertion that the trial court erred in failing to find an implied bias with respect to a second prospective juror.

This second prospective juror had formerly been employed in the sheriff's office for five years, and her husband currently worked as a deputy in the jail where defendant was being held. However, there was no indication that her husband was privy to any information which could influence her.

■ Even government employees who have contacts with a prosecutor or other law enforcement personnel have not been considered presumptively biased. *People v. Rhodus, supra.* Under these circumstances, we find no abuse of discretion in the denial of the challenge for cause to this juror. *See People v. Rhodus, supra; People v. Sandoval,* 733 P.2d 319 (Colo.1987); *People v. Vigil,* 718 P.2d 496 (Colo.1986); *cf.* Crim.P. 24(b)(1)(XII) (*present* employees of law enforcement agency subject to challenge for cause).

## II.

Defendant next asserts that the trial court's erroneous admission of immaterial, highly prejudicial evidence, including photographs of the victim and testimony concerning gang affiliations, denied him a fair trial. We disagree.

■ Evidence is relevant if it has a tendency to render a fact of consequence more or less probable than it would be without such evidence. CRE 401; *People v. Spoto,* 795 P.2d 1314 (Colo.1990).

■ Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. CRE 403; *People v. Spoto, supra.*

■ Trial courts have considerable discretion concerning the admissibility of evidence and the determination of its relevancy, probative value, and prejudicial impact. To show an abuse of discretion, an appellant must establish that, under the circumstances, the trial court's decision was manifestly arbitrary, unreasonable, or unfair. *People v. Ibarra,* 849 P.2d 33 (Colo.1993).

### A.

Defendant objected to the introduction of photographs of the victim taken at the autopsy. Defendant argues that the extent of injury was not disputed and that the photographs were cumulative to testimony regarding gunshot wounds to the victim and had no probative value. We disagree.

The trial court admitted six of the seven photographs offered, concluding that they would assist the pathologist in explaining the victim's injuries and that their probative value was not outweighed by unfair prejudice. Defendant objects to four of those admitted.

■ However, upon review, we would not describe the photographs as "horrifying and graphic," and we agree with the trial court's conclusions.

Under these circumstances, we cannot say the trial court abused its discretion. *See People v. Viduya,* 703 P.2d 1281 (Colo.1985); *People v. Nhan Dao Van,* 681 P.2d 932 (Colo. 1984); *People v. Guffie,* 749 P.2d 976 (Colo. App.1987).

### B.

#### 1.

Defendant also moved to limit the introduction of evidence concerning gang affiliations.

Defendant's motion *in limine* stated in pertinent part:

1. There is evidence that the defendant belonged to a gang, BMG Bloods. Evidence of gang connection is not relevant to any issue at trial. Colorado Rule of Evidence 401. If admitted, the prejudicial impact of this evidence will greatly outweigh the probative value. Colorado Rules of Evidence 403.

The motion did not refer to gang affiliations other than that of defendant. Both at the hearing on the motion *in limine* and in his appellate brief, defendant, while conceding that some evidence of gang affiliations is relevant, argued that such evidence concerning himself and others should have been "sanitized and limited."

The trial court denied defendant's motion to limit such evidence, stating: "[A]s it relates to paragraph one … I can't sanitize away the fact that the People's position and their case and much of the evidence would indicate that the sole motive in this homicide was because one person wore blue and another person was a member of a gang … that didn't like people who wore blue…."

■ Ultimately, at trial, the prosecution essentially abandoned gang affiliation as a motive and argued that defendant killed the victim in the course of an attempted robbery. However, to refute the robbery charges, *defense* counsel elicited testimony concerning gang affiliations. Defendant's theory of the case instruction stated that defendant "asked [the victim] if he was a Crip," but that defendant did not know there was going to be a robbery. Moreover, in both opening and closing statements, defendant's counsel brought out numerous references to gangs and gang affiliations.

Thus, because defendant's gang affiliation could have shown a motive to commit the crime, we conclude that such evidence was properly admitted. *See People v. Mendoza,* 876 P.2d 98 (Colo.App.1994).

### III.

Defendant next contends that prosecutorial misconduct during the prosecution's closing argument deprived defendant of a fair trial. We disagree.

■ The prosecutor's argument should be restricted to the evidence and reasonable inferences to be drawn therefrom on the issue whether guilt is proven beyond a reasonable doubt. *People v. Ferrell,* 200 Colo. 128, 613 P.2d 324 (1980). It is improper for a prosecutor "to use arguments calculated to inflame the passions and prejudice of the jury." *People v. Oliver,* 745 P.2d 222, 228 (Colo.1987).

■ The meaning and effect of particular remarks made in a prosecutor's closing argument must be evaluated in the context of the evidence and the closing argument as a whole. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981).

■ Defendant cites five statements from the prosecutor's closing argument that he believes warranted a mistrial. Of these five statements, defense counsel objected to three at trial. Two of the objections were sustained. A third objection, which was sustained in part and overruled in part, was made in response to a statement about the trigger pull of the murder weapon and con-

cerned the issue of deliberation. Because defendant was convicted of felony murder, not murder after deliberation, we do not find any prejudice in this statement.

The two statements to which defense counsel did not object were made during the state's rebuttal argument and were responses to statements in defendant's closing argument concerning characterizations of defendant and the reliability of the witnesses against defendant.

■ In the context of the evidence and the closing arguments as a whole, we conclude that the prejudice to defendant, if any, was not so substantial as to warrant a mistrial.

### IV.

Defendant next argues that the evidence was insufficient to establish his guilt of the charged offenses and to disprove his affirmative defense beyond a reasonable doubt. We disagree.

■ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *Taylor v. People,* 723 P.2d 131 (Colo.1986).

■ Without detailing the full extent of the substantial evidence against him, we note that there was testimony by co-defendant that defendant, with a gun, accosted the victim, demanded money, and shot the victim. At least two other witnesses testified that defendant was holding a gun. Additionally, according to testimony, defendant subsequently stated, "I shot him. I think I killed him." Defendant also asked, "What if I killed him?" Such was sufficient to sustain the verdicts.

■ Moreover, the evidence is not rendered insufficient by conflicting accounts as to what happened, by testimony that either differed or conflicted with earlier versions given by certain witnesses, by co-defendant's

acceptance of a plea bargain for his role in the crime, or by any potential bias of other witnesses. The resolution of such issues is for the jury. *Taylor v. People, supra.*

## V.

Last, defendant contends that a sentence to life imprisonment for a juvenile who was not found to be the person who actually caused the death of another constitutes cruel and unusual punishment in violation of both the United States and the Colorado Constitutions. Defendant was initially sentenced to life in prison without the possibility of parole. However, on defendant's motion to vacate the sentence, the court issued a ruling modifying defendant's sentence to life imprisonment with the possibility of parole after 40 years and vacated its prior order to the extent that it ordered a hearing on extended proportionality review. We perceive no constitutional infirmity in the sentence imposed.

## A.

The Eighth Amendment prohibits "cruel and unusual punishments." Colo. Const. art. II, § 20, using identical language, also prohibits the infliction of "cruel and unusual punishments."

■ Under the United States Constitution, a defendant's age is not a relevant consideration in determining the scope of proportionality review required or in conducting such a review. *Valenzuela v. People,* 856 P.2d 805 (Colo.1993).

■ Thus, we conclude that defendant's argument on this ground under the United States Constitution is foreclosed. We see no reason to distinguish the above case because defendant was convicted of first degree felony murder as opposed to some other form of first degree murder. In either case, the sentence imposed is statutorily mandated. *See* § 16–11–802(1)(a) and (b), C.R.S. (1994 Cum.Supp.). As noted in *People v. Smith,* 848 P.2d 365, 373 (Colo.1993), " '[T]he fixing of prison terms for specific crimes involves a substantial penological judgment that, as a general matter, is properly within the province of legislatures, not courts.' "

## B.

Defendant, however, argues that age is a relevant factor in a proportionality review under the Colorado Constitution. We disagree.

■ We recognize that the Colorado Constitution may provide more protection for our citizens than do similarly or identically worded provisions of the United States Constitution. *See People v. Young,* 814 P.2d 834 (Colo.1991).

However, we perceive no reason why the principle applicable here under the federal constitution should not also be applicable under our state constitution.

■ Here, the defendant has been through a hearing at which it was determined he should be tried as an adult. *See* § 19–3–108, C.R.S. (1986 Repl.Vol. 8B). The trial court was required to consider the seriousness of the offense, whether the offense was committed in an aggressive, violent, premeditated, or willful manner, and whether the alleged offense was against person or property. Section 19–3–108(2)(b), C.R.S. (1986 Repl.Vol. 8B). In addition, a defendant under the age of eighteen years at the time of the commission of first degree felony murder can only be sentenced to life imprisonment and not to death. *See* § 16–11–802(1)(b), C.R.S. (1994 Cum.Supp.). Accordingly, we hold that, for a juvenile tried as an adult, age is not a relevant factor in conducting a proportionality review of a sentence.

■ Finally, insofar as defendant asserts that he was not found to be the person who actually caused the death of the victim, testimony presented at trial indicated that defendant did fire the gun. As noted by the trial court:

Although argued both during and after trial to the contrary by defendant, the evidence in this case showed a vicious cold blooded murder by the defendant of [the victim]. The victim was gunned down by the defendant in an attempted robbery. The victim had done nothing more to bring on this lethal assault than to have the ill fortune of walking along a sidewalk at a

time when the defendant was hunting someone to rob. First degree murder, even in the form of felony murder, is an extremely serious crime. The use of a handgun against the defenseless non-aggressive passerby and shooting both from the front and in the back as he attempted to flee is an act of extreme violence.

Under these circumstances, we conclude that the sentence did not violate either the federal or the state constitution.

The judgment is affirmed.

CRISWELL and TAUBMAN, JJ., concur.