2012 COA 149

### The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

### Samuel Josef MULBERGER, Defendant–Appellant.

### No. 11CA0482.

Colorado Court of Appeals, Div. I.

Sept. 13, 2012.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2011.

John W. Suthers, Attorney General, Joseph G. Michaels, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kielly Dunn, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge J. JONES.

¶ 1 Defendant, Samuel Josef Mulberger, appeals the judgment of conviction entered on jury verdicts finding him guilty of several offenses. He contends that the district court erred by denying his challenge for cause of a

prospective juror. We reject that contention and, therefore, affirm.

## I. Background

¶ 2 The People charged defendant with one count each of vehicular eluding, aggravated driving after revocation prohibited, following too closely, and driving an unregistered vehicle. During jury selection, defendant's counsel challenged for cause a prospective juror on the ground that she was a compensated employee of a public law enforcement agency. *See* § 16–10–103(1)(k), C.R.S.2011. The court denied the challenge. Defendant's counsel used a peremptory challenge on that juror and exhausted defendant's remaining peremptory challenges.

## II. Jury Selection

¶ 3 Defendant contends that the district court erred by denying his challenge for cause of the prospective juror. He argues that, because the prospective juror worked as a nurse employed by a company that provided services to the El Paso County Jail on a contract basis, she was a "compensated employee of a public law enforcement agency."

### A. Standard of Review and Legal Authority

■ ¶ 4 Construction of the statute governing challenges of potential jurors for cause presents a question of law that we review de novo. *People v. Romero*, 197 P.3d 302, 305 (Colo.App.2008); *see also People v. Novotny*, 356 P.3d 829, 829 (Colo.App.2010) ("The court's determination that a prospective juror is not a compensated employee of a public law enforcement agency is subject to de novo review.") (*cert. granted* 2011 WL 484366 (Jan. 31, 2011)).

■ ¶ 5 A criminal defendant has a constitutional right to an impartial jury. *Romero*, 197 P.3d at 306. "To [e]nsure that this right is protected, the trial court must excuse prejudiced or biased persons from the jury." *Nailor v. People*, 200 Colo. 30, 32, 612 P.2d 79, 80 (1980). "[A] trial court's erroneous

ruling on a challenge for cause, which is followed by the defendant's use of a peremptory challenge to remove the suspect juror and the defendant's exhaustion of all available peremptory challenges, affects a substantial right of the defendant and cannot be deemed harmless error." *People v. Macrander*, 828 P.2d 234, 244 (Colo.1992). Thus, "[w]hen a trial court erroneously denies a defendant's challenge for cause, reversal is mandatory...." *Novotny*, 356 P.3d at 829–30.[1]

■ ¶ 6 Section 16–10–103, C.R.S.2011, provides the statutory grounds upon which a prospective juror may be challenged for cause. As relevant here, the district court must sustain a challenge for cause if a prospective juror "is a compensated employee of a public law enforcement agency." § 16–10–103(1)(k); *see also* Crim. P. 24(b)(1)(XII) (omitting the requirement that the employee be "compensated"). This statutory provision addresses the concern that "one who is employed by a law enforcement agency will favor, or will be perceived to favor, the prosecution side of a criminal case." *Ma v. People*, 121 P.3d 205, 210 (Colo.2005).

■ ¶ 7 "[T]o be considered an 'employee of a public law enforcement agency,' a necessary condition is that the individual, in consideration for compensation, agrees to perform certain services or tasks and to accept direction and control from an authorized representative of the employer." *People v. Coleman*, 844 P.2d 1215, 1218 (Colo.App. 1992). "[A] prospective juror who has even a tenuous relationship with any ... law enforcement arm of the state should be excused from jury duty in a criminal case." *People in Interest of R.A.D.*, 196 Colo. 430, 432, 586 P.2d 46, 47 (1978). "However, if an individual ... is not currently providing services for, and is, therefore, not subject to the control and direction of, a public law enforcement agency, such an individual is not exempted by the statute and is eligible to serve as a juror." *Coleman*, 844 P.2d at 1218.

1. The supreme court has granted certiorari review in *Novotny* to decide the continued viability of the *Macrander* rule of automatic reversal. But

that rule is still the law of Colorado, and therefore we decline the People's invitation not to follow it.

### B. Analysis

¶ 8 At the outset, the parties agree, and we conclude, that the El Paso County Jail is a public law enforcement agency as contemplated by the statute. *See People v. Scott*, 41 Colo.App. 66, 67–68, 583 P.2d 939, 941 (1978).

 ¶ 9 During voir dire, the prospective juror said that she worked part time as a nurse for a company with which the El Paso County Jail contracted when it needed nurses. She also said that the El Paso County Jail paid her company for the services, that the company employed and paid her, and that she worked "[p]er diem" only when the jail had a need. At the time of voir dire, she had not worked for the jail in two or three weeks.

¶ 10 We conclude that the prospective juror was not an employee of a public law enforcement agency within the meaning of section 16–10–103(1)(k). She said that she was not employed by the El Paso County Jail and did not receive compensation from the jail for her services. Instead, she said that she was an employee of a separate company and was compensated by that company for her work at the jail. *Cf. People v. Veloz*, 946 P.2d 525, 529 (Colo.App.1997) ("The statute applies to compensated employees of public law enforcement agencies, not volunteers for such entities who are compensated by private employers for work similar to that performed by paid police officers."). The prospective juror's work for the jail was subject to its need, and any future work there was not guaranteed.

¶ 11 Importantly, the record contains no indication that the prospective juror was subject to the direction and control of a jail representative. *See Coleman*, 844 P.2d at 1218. To the contrary, the juror repeatedly described her employer as a "contractor."

¶ 12 Relying on the language in the supreme court's decision in *R.A.D.*, defendant contends that the court should have dismissed the potential juror because she had a "tenuous relationship" with the jail. However, the supreme court has described the "tenuous relationship" language in *R.A.D.* as "dicta," and has limited its application to "the context of a prospective juror who was a compensated employee of a public law enforcement agency." *See People v. Rhodus*, 870 P.2d 470, 476 (Colo.1994).

¶ 13 In sum, we perceive no error in the district court's denial of defendant's challenge for cause.

¶ 14 The judgment is affirmed.

Judge TAUBMAN and Judge RUSSEL concur.