[No. 3855.]

CLOUGH v. CLOUGH.

WILLS—CONTESTS—PRACTICE—JURY TRIAL.
In the trial of a contest of a will on appeal in the district court, the contestant is entitled to have the issues of fact tried by jury.

*Appeal from Court of Appeals.*

Messrs. DOUD & FOWLER and Messrs. RISING & MARSHALL, for appellant.

Messrs. HARTZELL & STEELE, Mr. VICTOR A. ELLIOTT and Mr. WILLIS V. ELLIOTT, for appellee.

Messrs. PATTERSON, RICHARDSON & HAWKINS, and Messrs. LINDSEY & PARKS, *amici curiæ.*

PER CURIAM.   This case is brought here on appeal from a judgment of the court of appeals.   The errors assigned present the question as to whether or not that court was correct in holding that an heir who contests the validity of a will in the probate court is entitled to a jury, as a matter of right, in the trial of such contest on appeal to the district court.   The court of appeals, in a very able and elaborate opinion, reported in 10 Colo. App. 433, decided that the proceeding, not being an action at law or in equity, was not controlled by the provisions of section 173 of the code which designates what issues shall be tried before a jury and what not; and unless controlled by the provisions of section 3508 Gen. Stats. (4679, Mills' Ann. Stats.) it would be governed by the practice that prevailed at common law, under which the heir was entitled to have the issue *devisavit vel non* tried by a jury.

In the view we take of this case it is not necessary to consider or determine what the practice at common law was in such a proceeding, or whether the court of appeals was cor-

rect in holding that if the constitution and statutes are silent as to the mode of trial, such practice would prevail; since, by giving to section 1097, Mills' Ann. Stats., as amended in 1891, the construction contended for by counsel for appellant, which construction is concurred in by counsel for appellee, the manner of trial in such a proceeding on appeal to the district court is regulated by statutory provisions. Section 1097, Mills' Ann. Stats., as amended, provides:

" All questions of law and fact, relating to probate matters in any county shall be determined by the county court of such county, and from any and all such decisions upon any such questions appeals * * * shall lie to the district court of the same county, to be prosecuted in the same manner as appeals * * * when prosecuted in civil or law cases from the decisions of such county courts."

If the words " to be prosecuted " as used in this section, refer to the conduct or trial of the cause in the appellate court, as well as to the taking and perfecting of the appeal, as contended by counsel, then it only remains to ascertain in what manner appeals in civil or law cases are tried in that court. The manner in which such appeals shall be tried is provided in section 1089, Mills' Ann. Stats., which, *inter alia*, enacts:

" In all appeals provided for in the foregoing section (referring to section 1085, which provides for appeals in civil cases), the proceeding in the appellate court shall be, in all respects, *de novo*. * * * All such cases shall be conducted in the same manner as if originally brought in the district court."

It is insisted by counsel for appellant that by virtue of these provisions, the trial of all appeals from the county court in special proceedings relating to probate matters, are regulated by section 173 of the code, since appeals in civil cases would be so tried, because such cases, if originally brought in the district court, would be regulated thereby.

We do not think that such a conclusion is warranted. The language used is that such causes (which, under the

construction given section 1097 include appeals in probate matters, as well as those in civil cases) shall be conducted in the same manner as if originally brought in the district court. How would this proceeding be tried if it had been originally brought in that court? This is answered by section 3508, Gen. Stats. (sec. 4679, Mills' Ann. Stats.), which prescribes the only procedure by which the contest of a will may be originally brought in the district court, and which, *inter alia*, provides that:

"An issue at law shall be directed, whether the writing in question be the last will of the testator * * * or not, which issue shall be tried by a jury according to the practice in courts of chancery in similar cases."

The trial on the appeal presents the same inquiry as that provided for by this section, to wit: "Whether the writing in question be the last will of the testator or not." It involves the same investigation, and is determined by the same proof; and we think it is clear that by the express terms of section 1089 is to be tried in the same manner.

Our conclusion, therefore, is that by virtue of the foregoing statutory provisions, in the trial of a contest of a will on appeal in the district court, the contestant is entitled to have the issues of fact tried by jury, and that the court of appeals correctly held that the refusal of the district court to submit such issues to a jury constitutes reversible error. For these reasons the judgment of the court of appeals is affirmed.

*Affirmed.*