435 P.2d 763 (1967)
The PEOPLE of the State of Colorado ex rel. Robert Eugene TERRELL, Petitioner,
v.
The DISTRICT COURT IN AND FOR the CITY AND COUNTY OF DENVER, and the Honorable George M. McNamara, one of the Judges thereof, Respondents.
No. 23280.
Supreme Court of Colorado, En Banc.
December 29, 1967.
*764 Edward H. Sherman, Public Defender in and for City & County of Denver, David G. Maner, Asst. Public Defender, for petitioner.
James D. McKevitt, Dist. Atty., Second Judicial District, James W. Creamer, Jr., Deputy Dist. Atty., for respondents.
McWILLIAMS, Justice.
This original proceeding concerns the Colorado Children's Code which was enacted into law by the General Assembly in 1967, the effective date thereof being July 1, 1967. See 1967 Session Laws of Colorado, Chapter 443, at 993.
On September 22, 1967 a direct information was filed in the Denver District Court charging Robert Eugene Terrell, age fifteen, with the crime of assault with a deadly weapon.
In response thereto Terrell then filed a motion to dismiss or in the alternative to transfer the cause to the Denver Juvenile Court. As grounds for such request Terrell stated that under the applicable provisions of the newly enacted Children's Code he could not lawfully be charged with a felony in the district court and that under the aforesaid code, because of his age, the only proceeding which could be brought against him was delinquency proceeding in
the Denver Juvenile Court. Hence, argued Terrell, the Denver District Court had no jurisdiction to thus proceed against him.
The motion to dismiss was denied, whereupon original proceedings were instituted in this court challenging the jurisdiction of the Denver District Court. The question of jurisdiction having been thusly raised and the matter being one of public interest and concern, as well as being one affected with a considerable degree of urgency, we issued a rule to show cause. The respondents, namely the Denver District Court and the Honorable George M. McNamara, one of the judges thereof, have filed their response thereto and the matter has been orally argued. Hence, the controversy now awaits our final determination.
The basic position advanced in behalf of Terrell is that the Children's Code precludes the institution of any felony charge against a child under sixteen years of age, and that this statutory prohibition is not subject to any constitutional infirmity.
The respondents, on the other hand, doubt that it was the intent of the legislature to absolutely bar the filing of a felony charge against one under sixteen years of age, and in this regard point out that the Children's Code does not contain any express language to that effect. The respondents go on to argue, however, that even if such were the legislative intent, the provisions of the Code which would thus provide are repugnant to Amended Article VI, section 9 of the Colorado Constitution. That particular section of our constitution provides, incidentally, that the district courts shall have original jurisdiction "in all * * * criminal cases."
The respondent judge was of the mind that the Children's Code did preclude the filing of the felony charge against Terrell, the latter being under sixteen. At the same time, however, the judge was also of the firm view that these particular provisions were unconstitutional.
We agree that the Children's Code does barand without exceptionthe *765 institution of a felony charge against a child under 16 years of age. However, these provisions in our view do not offend the constitutional provision referred to above. Hence, the respondent court had no jurisdiction to entertain the charge filed against Terrell. In such circumstance, then, the respondent judge should have granted Terrell's motion to dismiss, without prejudice, of course, to the right to institute a delinquency proceeding against Terrell in the Denver Juvenile Court.
Did the General Assembly by enactment of the Children's Code intend to bar the institution of any and all felony charges against a child under sixteen years of age? In our view this is precisely what the General Assembly intended to do.
There is no dispute but that the legislature has the power to create and define crimes, subject of course to any applicable constitutional limitations. As a corollary, the legislature may within reasonable limits fix the age below which there can be no criminal responsibility. In this regard, at the common law a child under the age of seven was conclusively presumed to be incapable of committing a crime. Our Territorial Legislature in 1861 declared, however, that an infant under ten years of age "shall not be found guilty of any crime or misdemeanor." And, according to the petitioners, the General Assembly in 1967 by enacting into law the Children's Code declared, in effect, that a child under sixteen is incapable of committing a felony.
The district attorney, who represents the respondents in this proceeding, concedes that the legislature has the power to raise the age limit below which there can be no criminal responsibility from ten to sixteen years of age, but goes on to argue that the legislature did not do so in so many words, and that such a statutory change should not be made by mere inference.
Though the Children's Code may not in so many words raise the age below which there can be no criminal responsibility as concerns a felony from ten to sixteen years, in effect, that is exactly what it did. And in reaching this conclusion we do not feel that we are in anywise straining or stretching the language which appears in the Code. On the contrary we are merely giving effect to the several provisions of the Code bearing on this particular point.
A "child" is defined in the Children's Code as "a person under eighteen years of age." The section of the Code appearing as 22-1-4(4) (b) reads as follows:
"A child shall be charged with the commission of a felony only as provided in subsection (4) (a) of this section, except for crimes of violence punishable by death or life imprisonment where the accused is 16 years of age or older." (Emphasis added.)
The subsection (4) (a) referred to in the aforementioned provision reads as follows:
"When a petition filed in juvenile court alleges that a child sixteen years of age or older committed an act which would constitute a felony if committed by an adult, if, after investigation and a hearing, the juvenile court finds it would be contrary to the best interests of the child or of the public to retain jurisdiction, it may enter an order certifying the child be held for criminal proceedings in the district court. The hearings required in this subsection shall be held pursuant to the provisions of section 22-1-7 and 22-3-8." (Emphasis added.)
According to these provisions, then, except for crimes of violence punishable by death or life imprisonment where the accused is sixteen years of age or older, a child under eighteen shall be charged with a felony only as provided in subsection (4) (a). Inasmuch as subsection (4) (a) makes no provision whatsoever for the institution of felony charges against a child under sixteen years of age, it must follow as does the night the day that the legislative intent was that a child under sixteen years of age under no circumstance was to be charged with the commission of a *766 felony. All of which is but another way of saying that a child under sixteen years of age cannot be held criminally responsible for actions, which if committed by an adult, would constitute a felony.
Does such offend the Colorado Constitution? We hold that it does not. Amended Article VI, section 9, as indicated above, declares that the district court shall have original jurisdiction in all criminal cases. The constitution itself does not define the phrase "criminal cases" nor does it create or define crimes, except as to treason. Hence, it is the legislature which has the power to create and define crimes.
As above noted, our Territorial Legislature in 1861 declared that a child below the age of ten could not be adjudged guilty of any crime or misdemeanor. See C.R.S. 1963, 40-1-4. And in 1967 the General Assembly, reflecting no doubt the more modern sociological concepts of our time, decreed, in effect, that as concerns a felony charge a child under sixteen could no longer be held criminally responsible for his actions. This the legislature accomplished by limiting and restricting the institution of felony charges against children under eighteen years of age in such manner that a child under sixteen could never be charged with the commission of a felony. So, the district court still has its original jurisdiction in all criminal cases, the Children's Code simply limiting and restricting the institution of felony charges against children under eighteen years of age.
It is argued that the rationale, if not indeed the result, reached in Garcia v. District Court, 157 Colo. 432, 403 P.2d 215, compels us to hold that the sections of the Children's Code with which we are here concerned conflict with Amended Article VI, section 9 of our Constitution. This is not our understanding of the Garcia case.
In Garcia we were concerned with the efforts of the 1964 General Assembly to vest in the juvenile court exclusive jurisdiction in cases in which a child under sixteen years of age was charged with a crime of violence punishable by death or life imprisonment. This statute was held to be in conflict with the constitutional provision that the district court should have original jurisdiction in all criminal cases.
The Children's Code does not purport to grant the juvenile court exclusive original jurisdiction in any criminal case. True, the code does bar the institution of felony charges against a child under sixteen years of age, and at the same time grants the juvenile court exclusive original jurisdiction in delinquency proceedings concerning any such child. But the district court still retains original jurisdiction in all criminal cases. This is so because a delinquency proceeding is not a criminal case. Counsel for the respondents argue that any attempted distinction between a "criminal" proceeding and a "delinquency" proceeding is "artless" and but a play upon words, as in a given case the underlying misconduct could be the same. With this line of reasoning we do not agree. There is a very fundamental difference between a criminal proceeding and a delinquency proceeding, and in our view the clear legislative intent is that the handling of juvenile delinquents should be oriented towards rehabilitation and reformation, and not punishment as such, even though the actions of the child if committed by an adult would justify a criminal proceeding. And the Garcia case itself recognized this distinction.
For general background material setting forth the philosophical reasons underlying the creation of juvenile courts, pointing out the distinction between a criminal proceeding and a delinquency proceeding, and upholding the basic validity of statutes providing that children under sixteen years of age, for example, are not subject to criminal proceedings and are only subject to delinquency proceedings in the juvenile court, see Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84; State v. Monahan, 15 N.J. 34, 104 A.2d 21, 48 A.L.R.2d 641; In re Lewis, 11 N.J. 217, 94 A.2d 328; State v. Cook, R.I., 210 A.2d 577; and *767 State ex rel. Slatton v. Bowles, 147 W.Va. 674, 130 S.E.2d 192.
Courts, of course, are never concerned with the wisdom of legislative pronouncements. The duty of the courts is to give effect to legislative intent, so long as the statute under consideration does not offend a constitutional provision. There is admittedly a considerable difference of opinion as to the wisdom of precluding under any and all circumstances the filing of a felony charge against a child under sixteen years. There are no doubt those who are of the view that at least in certain situations even a child under sixteen should be dealt with as an adult criminal and not as a juvenile delinquent. This debate has now been resolved, however, by the 1967 General Assembly, and is not up for any re-examination by the courts.
The rule is made absolute and the respondent court is ordered to grant Terrell's motion to dismiss, without prejudice to the right to institute a delinquency proceeding against Terrell in the Denver Juvenile Court.
MOORE, Chief Justice (dissenting).
Article VI, Section 9(1) of the Colorado Constitution provides that, "The district courts * * * shall have original jurisdiction in all * * * criminal cases * * *."
It is my view that the legislative act under consideration attempts to curtail the power conferred upon the district court by this constitutional provision. The act recognizes that a "child" (defined as a person under 18 years of age) can commit a felony. This appears in the following language:
"A child shall be charged with the commission of a felony only as provided in subsection 4(a) of this section, except for crimes of violence punishable by death or life imprisonment where the accused is 16 years of age or older."
There is here a recognition that felonies may be committed by children both over and under 16 years of age.
In the statute above quoted there is a clear indication that "children" under 18 years of age are capable of committing felonies including aggravated crimes of violence. However, it is claimed that they should not be answerable, as provided by the constitution, for lesser felonies. I submit that if such "child" is answerable to the district court, under the terms of the constitution for the felony of murder, he is equally answerable to that court for the felony of robbery, or assault with intent to commit murder, or other crime requiring a lesser degree of culpability. It makes no sense to me to say that a person under 18 years of age may be tried for felonies in the district court (as required by the constitution) if it is a major "capital offense," but cannot be tried for lesser ones, some of which are frequently necessarily included in the "capital" crime.
The statute attempts to nullify the constitutional provision by asserting, in ultimate effect, that the "lesser" felony charge can only be filed in the juvenile court, where it will be called something else.
If it was the intention of the legislature to say that "children" under the age of 18 had no capacity to commit felonies, it should have said so in far more certain terms than those employed in the act in question. Provisions of the constitution should not be nullified by court action which reads into legislation words which do not appear therein.
HODGES, J., joins in this dissent.