**Rosario AVIADO, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado, Ensicon Corporation, and Wausau Insurance Corporation, Respondents.**

No.  08CA0923.

Colorado Court of Appeals, Div. II.

April 16, 2009.

Rehearing Denied May 14, 2009.

Chris Forsyth Law Office, LLC, Chris Forsyth, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Moseley, Busser & Appleton, P.C., Scott M. Busser, Denver, Colorado, for Respondents Ensicon Corporation and Wausau Insurance Corporation.

Opinion by Judge CASEBOLT.

In this workers' compensation proceeding, Rosario Aviado (claimant) seeks review of that part of the final order issued by the Industrial Claim Appeals Office (Panel) that denied her claim for permanent total disability (PTD) benefits. We affirm.

## I. Background

Claimant sustained an admitted injury to her bilateral upper extremities and suffers from bilateral carpal tunnel syndrome. She underwent a division-sponsored independent medical examination (DIME). The DIME physician opined that claimant's impairment did not extend beyond her extremities and rated the right arm at seven percent impairment and the left arm at four percent impairment. Ensicon Corporation and its insurer, Wausau Insurance Corporation (collectively employer), filed a final admission of liability (FAL) for a scheduled injury based on the DIME rating.

Claimant contested the FAL and sought PTD benefits. Following an evidentiary hearing, the administrative law judge (ALJ) concluded that claimant had failed to meet her burden of proving that she was permanently and totally disabled and awarded benefits consistent with employer's FAL. The Panel affirmed on review.

## II. Surgery Refusal

■ Claimant first contends that the ALJ erred by denying PTD benefits based on her refusal to undergo surgery, which the ALJ also found to be unreasonable. She asserts that surgery refusal is an affirmative defense that employer did not endorse for hearing. We perceive no reversible error.

Section 8–40–201(16.5)(a), C.R.S.2008, defines PTD as the claimant's inability "to earn any wages in the same or other employment." Section 8–43–404(3), C.R.S.2008, permits compensation to be reduced or suspended if the claimant refuses to submit to medical or surgical treatment that is reasonably essential to promote recovery.

Here, the ALJ concluded that claimant's refusal was a bar to her PTD claim. However, the order also contains extensive eviden-tiary findings supporting the ALJ's additional determination that claimant had failed to prove she has no ability to earn wages. The ALJ correctly described the legal standard for determining PTD, and recognized the necessity of considering the various human factors pertinent to whether claimant is able to earn wages and whether suitable employment is reasonably available in the competitive job market. The ALJ found that claimant retains the ability to perform several jobs in the sedentary category that are reasonably available and require no significant accommodation, and the medical and vocational evidence, albeit conflicting, substantially supports the ALJ's finding. Thus, the findings and conclusions regarding claimant's refusal to undergo surgery were neither essential nor integral to the ALJ's finding that she did not carry her burden of proof.

Because claimant did not sustain her burden of proof, it is unnecessary for us to decide whether claimant's refusal to undergo surgery constituted an affirmative defense and, if so, whether employer waived it by failing to plead, endorse, or otherwise affirmatively raise it. Instead, even if we assume the ALJ erred by determining that claimant's refusal barred the award of any PTD benefits, such error was harmless. *See* § 8–43–310, C.R.S.2008 (appellate court shall disregard any irregularity or error that does not affirmatively appear to have damaged the complaining party).

## III. Evidentiary Error

■ Claimant next contends that the ALJ erred by excluding her testimony regarding whether a return visit with her treating physician was authorized after employer had a functional capacity evaluation (FCE) prepared. The ALJ sustained employer's objection, finding that the testimony was irrelevant. We perceive no error.

Evidence is relevant if it has any tendency to make the existence of a consequential fact more or less probable. CRE 401. The ALJ has discretion to determine the relevancy of evidence. *See* §§ 8–43–207(1)(c) (ALJs are empowered to make evidentiary rulings), 8–43–210 (Colorado Rules of Evidence apply in all hearings), C.R.S.2008; *One Hour Clean-*

*ers v. Indus. Claim Appeals Office,* 914 P.2d 501, 506 (Colo.App.1995) (ALJ has broad discretion to determine the admissibility of expert testimony, and appellate courts may not overturn a ruling unless it is manifestly erroneous).

Claimant urges that the testimony was relevant because employer's vocational expert relied on the FCE and the ALJ adopted both the treating physician's restrictions and the recommendations of the FCE, finding that they were consistent. Claimant further asserts that employer's objection to the testimony estopped it from later seeking to have the ALJ consider the FCE. However, the ALJ did not limit questioning regarding the FCE and the only offer of proof was claimant's explanation that the testimony would show that employer would not authorize a follow-up visit to the treating physician.

Under these circumstances, we fail to perceive how the question made it more or less likely that the treating physician did or did not agree with the recommendation of the FCE. Therefore, we are satisfied that the ALJ acted within his discretion in sustaining employer's objection to the question on the grounds of relevance and determining that employer was not estopped from seeking consideration of the FCE.

## IV. Right to a District Court Hearing

Claimant next contends that she did not expressly waive or surrender her common law rights and was entitled to bring a claim in the district court. She also contends that portions of the Workers' Compensation Act are unconstitutional. We disagree.

An injured worker's exclusive remedy for injuries that arise out of or in the course of employment is recovery under the workers' compensation statutes. § 8–41–102, C.R.S. 2008; *Pizza Hut of Am., Inc. v. Keefe,* 900 P.2d 97, 100 (Colo.1995). The Act, and specifically its compulsory elimination of common law rights, has been repeatedly held constitutional. *Kandt v. Evans,* 645 P.2d 1300, 1306 (Colo.1982) (citing cases).

Thus, section 8–41–104, C.R.S.2008, which creates a conclusive statutory presumption of an employee's acceptance of cov-

erage, has been upheld against constitutional attack, *see Ryan v. Centennial Race Track, Inc.,* 196 Colo. 30, 32, 580 P.2d 794, 795–96 (1978), and it is not required that a claimant be given the option of consenting to a hearing and adjudication by an ALJ. *See Dee Enters. v. Indus. Claim Appeals Office,* 89 P.3d 430, 438 (Colo.App.2003).

### A.

Claimant nevertheless asserts that, at common law, she had the fundamental constitutional right to a hearing in district court under Colorado Constitution article VI, section 9. She asserts that, because district courts have "original jurisdiction in all civil ... cases, except as provided [in the constitution]," her right to such a hearing cannot be abrogated by a mere statute, but must be abrogated by another provision of the constitution itself or by an amendment thereto. We disagree.

Claimant is correct that, under the cited constitutional provision, the district court has original jurisdiction in civil cases. However, the constitution does not define the term "civil case." Instead, that term is left for the General Assembly to define. *See People ex rel. Terrell v. Dist. Court,* 164 Colo. 437, 443, 435 P.2d 763, 766 (1967) (the constitution does not define the phrase "criminal cases" in article VI, section 9; hence, the legislature has the power to define crimes); *see also People v. Gilliland,* 769 P.2d 477, 480 (Colo.1989) (while district courts have general jurisdiction over criminal cases, it is the constitutional prerogative of the legislature to define crimes).

A civil action is a judicial proceeding to enforce a private right. *See Hernandez v. Downing,* 154 P.3d 1068, 1070 (Colo.2007) ("a proceeding on the part of one person, as actor, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or law" (quoting *Clough v. Clough,* 10 Colo.App. 433, 439, 51 P. 513, 515 (1897), *aff'd,* 27 Colo. 97, 59 P. 736 (1899))).

Here, the General Assembly essentially has determined that workers' compensation

cases are not civil cases that must be heard in a judicial court. *See Whiteside v. Smith,* 67 P.3d 1240, 1248 (Colo.2003) (workers' compensation claimants cannot litigate their injury claims in civil proceedings); *Barron v. Kerr–McGee Rocky Mountain Corp.,* 181 P.3d 348, 348 (Colo.App.2007) (an employer that complies with the provisions of the Workers' Compensation Act is immune from all civil actions that may be brought by an employee for a work-related injury); *cf. Colorado Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 210–11 (Colo.App.2007) (under statute providing for nonduplication of benefits, Colorado Insurance Guaranty Association had a private civil remedy enforceable in the district court, outside Workers' Compensation Act, to seek offset that would reduce employee's workers' compensation benefits based on employee's uninsured motorist settlement); *Jorgensen v. Colo. Comp. Ins. Auth.,* 967 P.2d 172 (Colo.App.1998), *aff'd,* 992 P.2d 1156 (Colo.2000) (jurisdiction to apportion tort settlement proceeds between economic and noneconomic damages so as to determine amount of workers' compensation insurance carrier's right of subrogation lies in the district court; apportionment case is a separate cause of action, not an ancillary proceeding to the workers' compensation case); *Dee Enters.,* 89 P.3d at 439 (no statutory or other provision indicates an intent by legislature to make workers' compensation matters civil proceedings); *MGM Supply Co. v. Industrial Claim Appeals Office,* 62 P.3d 1001, 1004 (Colo.App.2002) (workers' compensation cases are not civil disputes). The General Assembly has the right and power to so determine. *See Terrell,* 164 Colo. at 443, 435 P.2d at 766.

Accordingly, claimant has no right to proceed against employer in the district court, and an express waiver or surrender of any common law rights was not necessary.

## B.

■ Claimant also contends that the Act is unconstitutional because ALJs, who have original jurisdiction under section 8–43–201, C.R.S.2008, to hear and decide all workers' compensation matters, are employed by the executive branch rather than the judicial branch. She claims that such an arrangement conflicts with the original jurisdiction that is vested in the judiciary under the Colorado Constitution to adjudicate all civil actions. We are not persuaded.

This specific contention was addressed and rejected in *Dee Enterprises,* 89 P.3d at 430, where a division of this court held that (1) the grant of jurisdiction to the ALJs did not require them to exercise functions that were inherently judicial; (2) the workers' compensation statutes create a "public rights" case that is particularly suited to administrative oversight and determination; and (3) the essential functions of the judicial branch are sufficiently protected by the limits placed on the jurisdiction conferred upon the ALJs and the direct appellate review provided for under the Act. The division concluded that the Act poses no substantial threat to the separation of powers and is, therefore, constitutional. *Id.* at 438.

Similar constitutional arguments were made and rejected in *MGM Supply.* In that case, the division distinguished workers' compensation claims from ordinary civil disputes involving private parties and private rights, which must be resolved in the courts, and specifically determined that, by authorizing direct appeal to this court, the Act accommodated any right the parties "may have to have their disputes considered by judges subject to popular vote." 62 P.3d at 1004.

Claimant asserts that *Dee Enterprises* and *MGM Supply* were wrongly decided. We disagree. We regard the analysis in each case to be thorough, well reasoned, and complete, and we discern no indication that either division decided issues not properly before it.

Thus, for the same reasons stated in *MGM Supply* and *Dee Enterprises,* we hold that claimant has failed to prove the Act is unconstitutional. *See Calvert v. Indus. Claim Appeals Office,* 155 P.3d 474, 477 (Colo.App. 2006) (the Act and its provisions are presumed to be constitutional and claimant has the burden to prove otherwise beyond a reasonable doubt).

## V. Common Law Action Under Section 8–43–309

■ Claimant asserts that she should be entitled to pursue an action in the district court against her employer and we must remand for that purpose because we have failed to issue a decision within thirty days after the appeal came at issue, in contravention of section 8–43–309, C.R.S.2008. Claimant contends that the statute is jurisdictional, not merely directory. We disagree.

The primary goal in construing a statute is to determine and give effect to the intent of the General Assembly. *McKinney v. Indus. Claim Appeals Office*, 894 P.2d 42, 44 (Colo. App.1995). We must give effect to the General Assembly's purpose and intent as reflected in the plain language of the statute, and we do not depart from the plain meaning unless it leads to an absurd result. In addition, we read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Peregoy v. Indus. Claim Appeals Office*, 87 P.3d 261, 263 (Colo.App.2004).

Section 8–43–309 provides:

Actions in court tried within thirty days. Any such action commenced in the court of appeals to set aside or modify any order shall be heard within thirty days after issue shall be joined, unless continued on order of the court for good cause shown. No continuance shall be for longer than thirty days at one time.

We first note that nothing in the statute defines the phrase directing that the action "shall be heard" within thirty days. The statute does not say whether a decision must be rendered or, instead, whether oral argument must be held within that time. Nor does the statute provide a time frame for cases in which no oral argument occurs. And, as an appellate court, we do not "try" cases as the heading of the statute appears to direct. Instead we review cases in which a trial or evidentiary hearing has already occurred. Nevertheless, we will assume the statute requires that some action toward resolution of the case must be taken within thirty days following the date that "issue shall be joined."

Generally, a case is "at issue" in this court when the reply brief is filed. Using that as the triggering date, the record reveals that no action toward deciding this case was taken within that thirty-day period, and no orders were issued extending the thirty-day period. Assuming, therefore, that the statute has been violated, we then turn to whether the statute is jurisdictional and mandatory, or, instead, merely directive.

■ "There is no universal rule by which directory provisions may, under all conditions, be distinguished from those which are mandatory. The intention of the legislature, however, should be controlling...." *Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106, 1113 (Colo.1990) (quoting 1A N. Singer, *Sutherland Statutory Construction* § 25.03, at 441–42 (4th ed.1984)).

■ Whether the General Assembly intends a statutory provision to be directory or jurisdictional requires consideration of "the legislative history, the language of the statute, its subject matter, the importance of its provisions, their relation to the general object intended to be accomplished by the act, and, finally, whether or not there is a public or private right involved." *DiMarco v. Dep't of Revenue*, 857 P.2d 1349, 1351–52 (Colo. App.1993) (quoting *Application of Rosewell*, 97 Ill.2d 434, 440, 73 Ill.Dec. 748, 454 N.E.2d 997, 999 (1983)). Applying this analysis here, we conclude for multiple reasons that the provision at issue was intended by the General Assembly to be directory and not mandatory or jurisdictional.

First, while the statute directs that an action "shall" be heard, and "shall" generally indicates that a provision is mandatory, *see People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986), nevertheless, courts "have generally construed time limitations imposed on public bodies as being directory rather than mandatory." *DiMarco*, 857 P.2d at 1352.

■ Second, affirmative language such as "shall be held within" is indicative of a directory construction. *Id.; see Burns v. Bd. of Assessment Appeals*, 820 P.2d 1175, 1177–78 (Colo.App.1991) (requirement that a ruling must be rendered "within" twenty days is directory).

Third, the statute does not state that this court loses jurisdiction after the thirty-day period expires, and nothing in the statutory language suggests that it is jurisdictional in nature. *See Mahaffey v. Barnhill*, 855 P.2d 847, 849 (Colo.1993) (statute directing that court shall commence trial not more than twenty days after joining of issue is directory, not mandatory).

Fourth, courts will construe a statute to limit jurisdiction only when that limitation is explicit. *See In re Fisher*, 202 P.3d 1186, 1193 (Colo.2009) (C.R.C.P. 251.19, which provides that attorney disciplinary hearing board shall prepare an order within sixty days after the hearing is not jurisdictional); *In re A. W.*, 637 P.2d 366, 374 (Colo. 1981) ("While jurisdiction may be limited by the legislature, no statute will be held to so limit court power unless the limitation is explicit."); *Langton v. Rocky Mountain Health Care Corp.*, 937 P.2d 883 (Colo.App. 1996) (statute stating that ALJ "shall" enter written summary order denying or allowing a workers' compensation claim within fifteen days after conclusion of a hearing is directory, not mandatory).

Fifth, claimant's request for a remand to a tribunal that has never before heard the matter would leave unresolved whether such a remand would require the district court to allow a common law proceeding for personal injury or instead to apply the Workers' Compensation Act provisions. And remand is not a stated remedy for any violation of the statute.

Finally, construing the pertinent time limit to be mandatory and jurisdictional would divest this court of authority to decide the dispute. This interpretation would operate to deprive both claimants and employers of the quick and efficient delivery of disability and medical benefits and a timely disposition of their disputes. *See Langton*, 937 P.2d at 885–86.

*Hillebrand Construction Co. v. Worf*, 780 P.2d 24 (Colo.App.1989), is distinguishable. There, the statute at issue provided specific consequences if an ALJ did not enter a supplemental order within the statutory period,

a factor that the division found determinative. Here, in contrast, nothing in the statute indicates what should happen if the thirty-day period is not observed.

In addition, claimant cannot point to any prejudice resulting from the failure to comply with the statutory provision. Her proposed remedy of remand for a hearing in the district court would prolong the case at significant cost to all parties, contrary to the legislative intent to interpret the Workers' Compensation Act "so as to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, without the necessity of any litigation." § 8–40–102(1), C.R.S.2008.

The order is affirmed.

Judge ROY and Judge CONNELLY concur.