Nancy C. JOHNSON, Petitioner–
Appellant,

v.

Faye GRIFFIN, Walter Griffin, and the Committee to Elect Faye Griffin Commissioner District 1, Respondents–Appellees

and

Office of Administrative Courts, Appellee.

No. 08CA2711.

Colorado Court of Appeals,
Div. III.

Nov. 25, 2009.

Nancy C. Johnson, Lakewood, Colorado, for Petitioner–Appellant.

Hackstaff Gessler, LLC, Scott E. Gessler, Mario D. Nicolais, II, Denver, Colorado, for Respondents–Appellees.

Opinion by Judge MILLER.

Petitioner, Nancy C. Johnson, appeals the order of the administrative law judge (ALJ) imposing a fine of $500 for violations of campaign finance disclosure requirements by respondents, Faye Griffin, Walter Griffin, and the Committee to Elect Faye Griffin Commissioner District 1 (collectively, Griffin). She also challenges the ALJ's order setting the date of the hearing. We affirm.

## I. Background

This appeal stems from a complaint against Griffin alleging failure to disclose the occupations and employers of several contributors who donated $100 or more to her campaign for Jefferson County Commissioner in violation of article XXVIII of the Colorado Constitution, the Fair Campaign Practices Act, § 1–45–108, C.R.S.2009; and related rules issued by the Secretary of State (the campaign finance laws).

On July 17, 2008, Griffin filed a Report of Contributions and Expenditures pursuant to section 1–45–108. Contrary to the requirements of section 1–45–108 and article XXVIII, section 7 of the Colorado Constitution, the report did not include occupation and employer information for eleven donors. Johnson filed a formal complaint with the Secretary of State, who referred the matter to the Office of Administrative Courts. *See* Colo.

Const. art. XXVIII, sec. 9(2)(a) (conferring standing to file a complaint on "[a]ny person who believes that a violation" of specified campaign finance laws has occurred and directing the secretary of state to refer the complaint to an ALJ).

A hearing was scheduled before the ALJ for September 30, 2008. Griffin moved for an extension, and a setting conference by telephone was held on October 10, 2008, at which the ALJ rescheduled the hearing for November 6, 2008, forty-eight days after the referral to the Secretary of State.

The ALJ conducted the hearing on the rescheduled date. Thereafter, he issued an Agency Decision finding that Griffin had committed violations of the campaign finance laws and imposing a $500 fine. This appeal followed.

## II. Analysis

Johnson contends that the ALJ erred in setting the hearing date and by imposing a fine for an amount less than the required minimum. We reject both contentions.

### A. Standard of Review

The decision of an administrative agency will be upheld "unless it is arbitrary or capricious, unsupported by the evidence, or contrary to law." *Alliance for Colorado's Families v. Gilbert*, 172 P.3d 964, 967 (Colo. App.2007). We review the record in the light most favorable to the agency decision. *Id.* at 968.

### B. Date of Hearing

Johnson asks us to disapprove of the ALJ's order setting the hearing after the date of the relevant election. She argues that the ALJ failed to make an appropriate finding of good cause when, due to scheduling conflicts, he set the hearing date three days beyond the forty-five-day time frame provided for in article XXVIII.

Griffin contends that the scheduling issue is moot because the hearing has already taken place. Appellate courts generally will not render opinions on the merits of an appeal when the issues have become moot. An issue is moot when a judgment would have no practical effect on an existing controversy or would not end any uncertainty. *Colorado Citizens for Ethics in Government v. Committee for American Dream*, 187 P.3d 1207, 1213 (Colo.App.2008). There are two exceptions to the mootness doctrine. We may resolve an otherwise moot case if the matter is one capable of repetition yet evading review, or if the matter involves a question of great public importance or an allegedly recurring constitutional violation. *Board of County Comm'rs v. Crystal Creek Homeowners Ass'n*, 14 P.3d 325, 345 (Colo.2000). An issue may be capable of repetition while evading review even though the chance of recurrence is remote. *Freedom from Religion Foundation, Inc. v. Romer*, 921 P.2d 84, 88 (Colo.App.1996); *Russell v. City of Central*, 892 P.2d 432, 435–36 (Colo.App.1995).

Here, Johnson alleges that the continuance of the hearing on her complaint beyond the date of the election and beyond the time authorized by the constitution, without a finding of good cause, is capable of repetition in future cases, while evading judicial review because of the tight timelines, and that this case therefore involves a potential recurring constitutional violation. We agree, based on Johnson's allegations, and therefore exercise our discretion to decide the merits.

Griffin next argues that Johnson failed to preserve her objection for appeal or to provide an adequate record for review. However, even assuming arguendo that this issue is properly raised on appeal, we are not persuaded by Johnson's contentions.

Article XXVIII, section 9(2)(a) of the constitution provides that, on receipt of a complaint alleging a violation of the campaign finance laws,

> [t]he secretary of state shall refer the complaint to an administrative law judge within three days of the filing of the complaint. The administrative law judge shall hold a hearing within fifteen days of the referral of the complaint, and shall render a decision within fifteen days of the hearing. The defendant shall be granted an extension of up to thirty days upon defendant's motion, or longer upon a showing of good cause.

Thus, a defendant is entitled to a continuance of the hearing for up to forty-five days after the referral, without any showing of good cause. A defendant must demonstrate good cause for any continuance beyond the forty-five-day period.

Johnson contends that section 9(2)(a) establishes an absolute constitutional right of a complainant to a hearing within forty-five days, absent a finding of good cause. We do not agree.

Another division of this court has held that "seemingly absolute time periods for administrative action are often considered mere guides for the conduct of business with dispatch and for orderly procedure." *Shaball v. State Comp. Ins. Auth.*, 799 P.2d 399, 402 (Colo.App.1990) (holding that statutory requirement that a hearing officer issue a written decision within forty-five days after the conclusion of a hearing and receipt of briefs was not mandatory and therefore did not deprive the agency of jurisdiction); *see also People ex rel. Johnson v. Earl*, 42 Colo. 238, 248, 94 P. 294, 297–98 (1908) (holding that statutory time limits for election officials to perform voter registration functions are directory and not mandatory). More recently, another division of this court held that a statutory requirement that an appeal of a final order issued by the Industrial Claim Appeals Office "shall be heard within thirty days after issue" is directory and not mandatory. *Aviado v. Indus. Claim Appeals Office*, 228 P.3d 177, 182 (Colo.App. 2009).

■ Here, the language in section 9(2) is also directory. Nothing in the constitutional language suggests that failure to conduct a hearing within the forty-five days following referral divests the ALJ of jurisdiction to decide the matter (a result not advocated by Johnson) or imposes any sanction. Unlike various other constitutional and statutory provisions related to election matters, section 9(2)(a) does not grant precedence over other ALJ business. *Cf.* Colo. Const. art. X, § 20(1) (suits to enforce the Taxpayer's Bill of Rights "shall have the highest civil priority of resolution"); § 31–10–1305, C.R.S.2009 (trial to determine winner of contested municipal election "shall take precedence over all other business in said court"). When no

statute or rule of court entitles a claim to preferential scheduling, the decision whether to grant priority is left to the sound discretion of the trial court, *Continental Title Co. v. Dist. Court*, 645 P.2d 1310, 1318 (Colo. 1982), or, in this case, the ALJ.

■ We therefore conclude that section 9(2) does not create a constitutional right for complainants to insist upon a hearing within forty-five days of referral to the ALJ.

■ In any event, we reject Johnson's contention that the ALJ's finding of good cause was not supported by the record. The ALJ issued an Order Denying Motion to Vacate, which stated, "At the setting conference, the Administrative Law Judge's schedule and the schedule of [Griffin's] counsel made November 6, 2008, the first available date." Assuming, without deciding, that this statement is not sufficient in itself, the failure of Johnson, as the appellant, to provide a record of the setting conference requires that we presume that the finding is supported by evidence and arguments presented to and considered by the ALJ at that conference. *See* C.A.R. 10(b); *People v. Ullery*, 984 P.2d 586, 591 (Colo.1999).

We therefore discern no abuse of discretion by the ALJ in setting the hearing date.

## C. Amount of Fine

■ Johnson contends that the ALJ applied the wrong provisions of the campaign finance laws in sanctioning Griffin and consequently assessed a fine below the prescribed amount. We disagree.

Article XXVIII of the constitution includes separate provisions imposing contribution and spending limits, on the one hand, and governing disclosure, on the other hand.

Section 3 is titled "Contribution limits" and sets the maximum amounts that a person may contribute to a candidate committee. Section 4 is titled "Voluntary campaign spending limits" and provides that candidates who agree to limit their spending may advertise their compliance with such limits. Notably, neither the constitution nor the Fair Campaign Practices Act places any limit on

contributions to candidate committees for county commissioner candidates.

The disclosure requirements relevant to campaign contributions are governed by article XXVIII, section 7 and section 1–45–108, each titled "Disclosure." Under these provisions, a candidate committee must disclose the occupation and employer of each person who has made a contribution of $100 or more. If that information

> is not provided, and the committee is unable to gather the information within 30 days after receipt of the contribution, the contribution shall be returned to the contributor no later than the 31st day after receipt.

Secretary of State Rules Concerning Campaign & Political Finance 4.9.2, 8 Code Colo. Regs. 1505–6. Rule 4.9.2 is titled "Disclosure of Occupation and Employer."

Section 10 of article XXVIII provides for sanctions for violations of the article. Different sanctions are provided for different types of violations.

- Section 10(1) requires a civil penalty of at least double and up to five times the amount contributed, received, or spent in violation of "any provision of this article relating to contribution or voluntary spending limits."
- Section 10(2)(a) provides for "a penalty of fifty dollars per day for each day that a statement or other information required to be filed" under article XXVIII, section 7, or section 1–45–108 "is not filed by the close of business on the day due."

Johnson argues that the failure to report contributors' employment information within the thirty-day grace period established by Rule 4.9.2 renders the contribution illegal, thereby subjecting the candidate to a penalty of two to five times the amount contributed under article XXVIII, section 10(1). She contends that the eleven contributions totaled $1550, and therefore argues that the fine was required to fall between $3100 and $7750. Instead, the ALJ applied section 10(2) and imposed a fine of $500. Johnson does not challenge whether the fine is inappropriate under section 10(2)(a).

The goal of statutory construction is to determine and give effect to the intent of the legislature as reflected in the plain language of the statute. *Dillard v. Indust. Claim Appeals Office*, 121 P.3d 301, 303 (Colo.App. 2005), *aff'd*, 134 P.3d 407 (Colo.2006). "[W]e read and consider the statutory scheme as a whole to give a consistent, harmonious, and sensible effect to all its parts." *Id.* In giving effect to a constitutional provision, we apply the same principles applicable to statutory construction. *See Danielson v. Dennis*, 139 P.3d 688, 691 (Colo.2006). Reviewing courts defer to the reasonable interpretation of a statute by the officer or agency charged with its enforcement. *Dillard*, 121 P.3d at 303–04; *see also Indust. Claim Appeals Office v. Orth*, 965 P.2d 1246, 1254 (Colo.1998).

We conclude that a plain reading of article XXVIII reveals that section 10(1) provides sanctions for violations of sections 3 and 4 related to limits on contributions and spending, while section 10(2) relates to violations of disclosure requirements. Rule 4.9.2 also addresses reporting disclosures rather than contribution limits. Here, the eleven contributions themselves do not implicate sections 3 and 4.

Johnson argues that the contributions became unlawful contributions when Griffin failed to gather the missing information during the thirty days following receipt and then failed to return the contributions, as required by Rule 4.9.2. That Rule, however, does not establish a limit on contributions. It is a subpart of Rule 4.9, which implements the disclosure requirements of section 7 of article XXVIII and section 1–45–108. This provision supplies an enforcement mechanism to encourage campaign committees to collect the information required to be disclosed.

We also note that Johnson did not appeal the ALJ's decision not to require Griffin to return the eleven contributions pursuant to Rule 4.9.2. Given that, on the state of the record before us, Griffin has no obligation to return those contributions, there is no basis for imposing a fine on Griffin for failing to do so.

We therefore conclude the ALJ properly applied section 10(2) in determining the ap-

propriate sanction for Griffin's failure to disclose contributor employment information. In doing so, we do not consider the argument in Johnson's reply brief based on section 1–45–111.5, C.R.S.2009, which was not raised before the ALJ. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718, 721 n. 5 (Colo.1992) ("Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal.").

### D. Attorney Fees

C.A.R. 38(d) authorizes us to award attorney fees related to a frivolous appeal. An appeal is frivolous if the proponent can present no rational argument based on the evidence or law in support of a claim or defense. *Mission Denver Co. v. Pierson,* 674 P.2d 363, 366 (Colo.1984).

Although Johnson has not prevailed, we do not consider her appeal frivolous according to this standard and therefore deny Griffin's request for attorney fees.

### III. Conclusion

The orders are affirmed.

Judge ROY and Judge FURMAN concur.